J. James. Li (SBN: 202855)
*lij@gtlaw.com*
David J. Perez (SBN: 238136)
*perezj@gtlaw.com*
GREENBERG TRAURIG LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Mark L. Hogge (*Pro Hac Vice Pending)*
*hoggem@gtlaw.com*
Shailendra Maheshwari *(Pro Hac Vice Pending)*
*maheshwaris@gtlaw.com*
GREENBERG TRAURIG LLP
2101 L Street, NW
Washington, DC 20037
Telephone: (202) 331-3100
Facsimile: (202) 331-3101

Attorneys for Plaintiff
KILOPASS TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., a California Corporation,<br><br>Plaintiff;<br><br>v.<br><br>SIDENSE CORPORATION, a Canadian Corporation,<br><br>Defendant. | Case No. CV 10-02066 SI<br><br>Date: September 10, 2010<br>Time: 9:00 a.m.<br>Ctrm: 10, 19th Floor<br>Judge: Hon. Susan Illston |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SIDENSE'S MOTION TO DISMISS KILOPASS' FIRST AMENDED <u>COMPLAINT UNDER FED. R. CIV. P. 8 & 12</u>**

Kilopass Technology, Inc. ("Kilopass"), through its attorneys, hereby submits its opposition to the motion to dismiss filed by Sidense Corp. ("Sidense").

## I INTRODUCTION

In an effort to truncate this pleading motion practice and have Sidense join issue, Kilopass has proposed additional amendments to the amended complaint that detail inducement to infringe and contributory infringement. A redline version of the amendment ("Second Amended Complaint" or "SAC") is attached to the Declaration of Mark L. Hogge ("Hogge Decl."), submitted herewith, as Exhibit A. A clean version of the SAC is attached to the Hogge Decl. as Exhibit B. The inducement to infringe paragraphs are ¶¶ 29, 36, and 42. The contributory infringement paragraphs are ¶¶ 30, 37, and 43. The addition of these paragraphs has changed the numbering in the amended complaint. To avoid confusion the numbering of the clean SAC will be referred to herein.

Sidense has been apprised of the proposed amendments as of August 13, 2010. Sidense does not consent to the filing of the SAC. An accompanying motion for leave to amend has been filed concurrently herewith.

At the outset, it should be noted that the declarations attached to the motion to dismiss that appear to set forth Sidense's defenses to the complained of infringement, are wholly improper in the context of this procedural motion. Still, the declarations actually show definitively that the amended complaint, even ***prior*** to the current proposed amendment, provided more than sufficient notice for Sidense to plead its defenses to infringement.

It should be noted that while the patent infringement counts have been amended, the remaining counts have not. The complained of torts in Counts IV-VII are well pleaded as discussed herein and the answer to the SAC should be filed forthwith.

## II. STATEMENT OF THE ISSUES

Whether Counts I-VII, of the SAC are in compliance with Fed. R. Civ. P. 8(a)(2).

## III. STATEMENT OF THE RELEVANT FACTS

Defendant Sidense has filed a motion under Fed. R. Civ. P. 12 in lieu of an answer. Attached to its motion are two declarations by Messrs. Hutchins and Kurjanowicz. Mr. Hutchins' declaration provides copies of two Sidense patents. Such patents are wholly irrelevant to a Rule 12 motion. Mr. Kurjanowicz' declaration appears to answer the complaint's infringement counts. The motion does not comply with the applicable rules for summary judgment and it should not be treated as such. The declarations are outside the pleadings and are improper in this Rule 12 context.

Sidense complains that Counts I-III do not plead inducement to infringe and contributory infringement. That argument has been answered with the SAC.

Sidense complains that Counts IV and V, in combination, for trade libel, defamation, and intentional interference with prospective economic benefit fail to identify customers who received the statements in question, fails to identify statements, criticizes the use of the pleading phrase "upon information and belief", and fails to identify an economic relationship in which Sidense interfered. The statements in question, and the relationships are set forth in the complaint as discussed herein.

Sidense complains that Count VI for Lanham Act false advertisement fails to identify any advertisement or set forth facts to support the identified false statements. As set forth herein, the advertisement is identified and details about the false advertisement are not proper for a complaint.

Sidense complains that Count VII for California's Unfair Competition Law §17200 et seq. ("UCL") is based only on the other pleaded torts and therefore is insufficiently pleaded. Sidense also argues that the fraud prong must comply with the common law fraud standard of Fed. R. Civ. P. 9. As discussed herein Count VII is sufficiently pleaded.

## IV. ARGUMENT

### A. Inducement To Infringe And Contributory Infringement Alleged In The Proposed Amendments Are Well Pleaded

The proposed SAC fully responds to Sidense's issues with the infringement pleadings contained in Count's I-III. Inducement to infringe is detailed in ¶¶ 29, 36, and 42. Contributory infringement is detailed in ¶¶ 30, 37, and 43. These new paragraphs are short and plain statements of the infringement claims pursuant to Fed. R. Civ. P. 8(a)(2). Allegations of jurisdiction, ownership (¶¶ 27, 35, 41), details about how Sidense has infringed (¶¶ 29, 30, 36, 37, 42, 43), actual notice of the patents-in-suit (¶ 28), and demand for injunction and damages (¶¶ 31, 38, 45 and *ad damnum* ¶¶ 2, 4) together comprise a sufficient patent infringement pleading under the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly* 55 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *McZeal v. Sprint Nextel Corporation*, 501 F. 3d 1354, 1357 (Fed. Cir. 2007); *Elan Microelectronics Corporation v. Apple, Inc.*, No. C 09-01531-RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009.) (More than the mere possibility of misconduct must be pleaded.). Even a cursory review shows that Kilopass has not only alleged more than a mere possibility of misconduct, it has provided significant details.

### B. The Non-Patent Infringement Counts IV-VII Are Well Pleaded

Counts IV-VII allege tortious conduct based upon specifically pleaded facts. For each count, specific facts are alleged which, together with the factual background section of the SAC, more than pass muster for the requirements of Fed. R. Civ. P 8(a)(2), *Twombly* and *Iqbal.* Sidense, however, seeks to impose an improper burden on Kilopass by requiring discovery level information for the allegations of the complaint, which is simply improper. All that is required to survive a motion to dismiss is to plead a contextual basis allowing the court to infer more than a possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950 ("When there are well-pleaded factual allegations,

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.”).

1. **Count IV For Trade Libel And Defamation Under the Common Law Is Well Pleaded.**

Kilopass sets forth the following specifics in ¶ 48 of the second amended complaint:

> Sidense sells eNVM memory to compete with Kilopass' patented technology. In 2010, Kilopass was informed by a customer that Sidense was claiming that Kilopass had no 1T patents. Kilopass was also informed by a customer that Sidense was claiming that Kilopass and Sidense had resolved any intellectual property disputes between them, such that customers were being mislead into believing that Kilopass approved of Sidense's products. Upon information and belief, Sidense has stated to Kilopass' customers and potential customers that Kilopass' technology is inferior to Sidense's technology.

These are specific false statements that were made with knowledge of the falsity (¶ 50) and with negligence (¶ 51). Sidense's criticism that “Kilopass does not even identify any particular alleged statement by Sidense” is simply wrong. (Br. at 16). These false statements made by Sidense are plainly identified in ¶ 48.

Sidense attacks the third false statement identified in ¶ 48, which is made upon information and belief. Citing *Boy Blue, Inc. v. Zomba Recording, LLC*, No. 3:09-CV-483-HEH, 2009 WL 2970794 (E.D.Va. Sept. 16, 2009), Sidense suggests that such pleading practice is improper unless the factual basis is “only available to the plaintiff at the time of pleading.” *Boy Blue* at *2. However, the rule in *Boy Blue* does not apply here because the statement in question in both *Boy Blue* and here “could, at this stage of the proceedings, be entirely within the possession of the opposing parties.” *Id.* The Court in *Boy Blue* rejected a similar argument to that being made by Sidense here, as should this Court.

**2. Count V For Intentional Interference With Prospective Economic Relations Is Well Pleaded.**

The complained of interfering conduct is set forth in the SAC in ¶¶ 21, 22, 28, 48, 52, 53, and 55. The alleged facts are as follows:

1) Sidense rode "behind Kilopass' validation efforts and successes." ¶ 21

2) "Because of the proven success of Kilopass, Sidense was able to market directly to Kilopass customers and prospective customers, as if its copy of the Kilopass patented technology had undergone the same qualification process." ¶ 22

3) Sidense falsely told a Kilopass customer "that Sidense was claiming that Kilopass had no IT patents." ¶ 23

4) "Kilopass was also informed by a customer that Sidense was claiming that Kilopass and Sidense had resolved any intellectual property disputes between them, such that customers were being mislead into believing that Kilopass approved of Sidense's products." ¶ 48

5) "Upon information and belief, Sidense has stated to Kilopass' customers and potential customers that Kilopass' technology is inferior to Sidense's technology." ¶ 48

6) "Sidense made such statements with the knowledge of their falsity or with reckless disregard for their truth or falsity". ¶ 50

7) "As a proximate result of Sidense's publication of the statement, prospective customers have been deterred from dealing with Kilopass. Kilopass has thereby suffered, and will continue to suffer, injury to its business and pecuniary loss in an amount to be proven at trial." ¶ 52

8) Sidense "intended to use those statements to damage Kilopass' customer base, reputation, and stymie competition." ¶ 53

The above identified allegations sufficiently plead intentional interference with prospective economic relations. In accordance with case law, Kilopass pleads: 1) an economic relationship it has with some third party, i.e., a customer, and potential customers, meaning that there is a flow of business that is and will be occurring in the future (¶¶ 22, 23, 48, 52, 53); 2) Sidense knew of the relationships, e.g. Sidense misrepresented to Kilopass' customers that intellectual property disputes with Kilopass had been resolved (¶ 48). This means that Sidense knew it was dealing with a Kilopass customer when making such statement.; 3) Sidense made those statements to deter business from Kilopass (¶¶ 50, 52, 53); 4) Business was misdirected from Kilopass to Sidense (¶ 52); and 5) Kilopass was harmed by the acts of Sidense (¶ 52). *See Youst v. Longo*, 43 Cal. 3d 64, 71 n. 6 (1987). ("The five element for intentional interference with prospective economic advantage…").

While Sidense would require Kilopass name the customers with whom Sidense interfered within the complaint, it is respectfully submitted that naming of a specific customer of Kilopass in the public pleading of the complaint is not necessary. Such information is more properly the domain of confidential discovery. Moreover, the conduct specified herein and detailed in the amended complaint are not broad, conclusory allegations, but are specific acts of misconduct that show plausible entitlement to relief for intentional interference with prospective economic benefit.

**3. Count VI For False Advertisement And Disparagement Is Well Pleaded Under the Lanham Act.**

In addition to pleading the statement discussed above, Kilopass alleges in ¶ 58:

> On information and belief, Sidense has distributed into interstate commerce false and/or misleading statements with the assistance of Ms. Susan Cain, Mr. James Lipman, and others, that falsely portray its products with the intent to materially affect the buying decisions of prospective customers. For example, Sidense has described in such advertisements that its so-called "1T-Fuse™ Logic NVM IP" is patented. The statement is false and/or misleading. Sidense's patents are all peripheral logic patents that are not specific to OTP (one-time programmable) or any memory per se. Upon information and belief, Sidense has overstated the size of its patent portfolio, in such advertisements.

All that is needed to plead liability for violating 15 U.S.C. § 1125(a) is "a false statement that was material and that tended to deceive consumers and injuring plaintiff in the market. (V Pattern Jury Instructions. 9 Ninth Circuit Manual of Model-Jury Instructions. Civil 2007. 15.4. Trademark Liability – Theories and Policies (15 U.S.C. §§ 1114(1), 1125(a).).

**4. Count VII For Unfair Competition Under Section 17200 Is Well Pleaded.**

The Count for Unfair Competition under California Business & Professions Code, Section 17200 et seq. is in accordance with local pleading practice. The count is based on the preceding allegations of misconduct discussed herein, including:

> The unlawful, unfair or fraudulent business acts or practices of Sidense include, inter alia: (1) negotiating and inducing customers to enter into contracts for its infringing products by making deceptive statements and advertisements set forth herein; (2) by interfering with the business relationships of Kilopass by inducing Kilopass customers, partners, and prospective customers and partners with false statements and advertisements as set forth herein.

Kilopass has brought its UCL Count under the three prongs of unlawful, unfair, and fraudulent. Section 17200 of the UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. § Prof. Code § 17200. Thus, the UCL prescribes "three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech Communication Inc. v. Los Angeles Cellular Tele. Co.*, 20 Cal 4th 163 (1999).

"The California Supreme Court has given the term "unlawful" a straight forward and broad interpretation: The UCL covers a wide range of conduct. It embraces anything that can properly be called a business practice and that at the same time is forbidden by law…". *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.* 479 F. 3d 1099, 1107 (9th Cir. 2007).

"The California Supreme Court has held that the word "unfair" in the UCL means conduct that threatens an incipient violation of antitrust law, or violates the policy of one of those laws, or otherwise significantly threatens or harms competition." *Id.* at 1107.

"Fraudulent, as used in the statute, does not refer to common law fraud but only required a showing members of the public are likely to be deceived". *South Bay Chevrolet v. GMAC*, 72 Cal. App. 4th 861, 888, 85 Cal. Reptr. 2d 301 (1999).

Kilopass has alleged *unlawful* business practices with its Count IV for trade libel and defamation, Count V for intentional interference, and Count VI for Lanham Act false advertisement and disparagement. Kilopass has alleged *unfair* business practices with the same counts, particularly Count V for intentional interference and Count VI for false advertisement and disparagement under the Lanham Act. Kilopass has alleged *fraudulent* unfair competition under the UCL with its Count VI under the Lanham Act for making false and misleading statements to materially affect the buying decisions of prospective customers.

The heightened pleading standard of Fed. R. Civ. P. 9 for the fraudulent prong is met, especially with SAC ¶ 58. The misrepresentation is identified in ¶ 58, as are the people who made the misrepresentations, Ms. Susan Cain and Mr. James Lipman. The intent element generally referred to in ¶ 59, is all that is required. Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of the mind may be alleged generally.").

Therefore it is respectfully submitted that Count VII for violation of the UCL is well pleaded.

## V. CONCLUSION

To avoid argument and unnecessary delay, Kilopass has proposed amending its patent infringement counts to detail inducement to infringe and contributory infringement. As shown herein, tort Counts IV-VII are well pleaded and satisfy the requirements of Fed. R. Civ. P. 8(a)(2). All of the counts state a cause of action upon which relief can be granted. In the event the Court disagrees, leave should be granted to further amend the Kilopass complaint to satisfy the Court's pleading requirements.

Respectfully submitted,

Dated: August 17, 2010

GREENBERG TRAURIG, LLP

By: /s/

J. James Li
Attorneys for Plaintiff,
KILOPASS TECHNOLOGY, INC.