IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIDENSE CORPORATION,<br><br>　　　　Defendant.<br> | No. C 10-02066 SI<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants have filed a motion to dismiss plaintiff's second amended complaint, which is scheduled for hearing on December 14, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

Plaintiff Kilopass Technology, Inc., is a company that markets "a novel way of storing data permanently inside integrated circuits ('IC') by creating a breakdown in the transistor, safely and reliably, now referred to as embedded Non-Volatile Memory ('eNVM')." Second Amend. Compl. ("SAC") ¶ 8. Plaintiff has received over 40 patents for its products, including U.S. Patent Nos. 6,940,751 ("'751 patent"), 6,777,757 ("'757 patent"), and 6,856,540 ("'540 patent"). *Id.* ¶ 10, 17. Plaintiff alleges that defendant Sidense Corporation "has knowingly copied Kilopass' patented technology and has been selling and offering for sale Kilopass' patented technology without authorization from Kilopass." *Id.* ¶ 18. Plaintiff also alleges that defendant has been "sowing deceit in the marketplace" by "falsely alleg[ing] in the marketplace statements to the effect that Kilopass has

no intellectual property issues with Sidense." *Id.* ¶ 24.

Plaintiff originally filed suit in this Court on May 14, 2010. *See* Compl. Plaintiff then filed an amended complaint on June 18, 2010. *See* First Amend. Compl. On July 28, defendant filed a motion to dismiss plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Def. Mot. to Dismiss First Amend. Compl. Before the Court ruled on this motion, however, plaintiff filed a motion requesting leave to file a second amended complaint on August 17, 2010. *See* Pl. Mot. for Leave to File Second Amend. Compl. In response to these two motions, the Court issued an order on October 14, 2010. "[F]or good cause shown including judicial efficiency," the Court granted plaintiff's motion for leave to file a second amended complaint, and dismissed as moot defendant's motion to dismiss plaintiff's first amended complaint. The Court also gave defendant leave to file another motion in response to plaintiff's second amended complaint, and added that no further amendments of the complaint would be allowed.

Plaintiff filed a second amended complaint on October 14, 2010. *See* SAC. In its second amended complaint, plaintiff alleged (1) infringement of U.S. Patent No. 6,940,751; (2) infringement of U.S. Patent No. 6,777,757; (3) infringement of U.S. Patent No. 6,856,540; (4) trade libel and defamation; (5) intentional interference with prospective economic relations; (6) false advertisement and disparagement (Lanham Act § 43(a), 15 U.S.C. § 1125(a)); and (7) unfair competition (California Business & Professions Code, Section 17200 *et seq*).

Presently before the Court is defendant's motion to dismiss the second amended complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

**I. Defendant's Ability to File a Second Motion to Dismiss**

Before addressing the merits of defendant's motion to dismiss, plaintiff argues that defendant is prohibited from filing a motion to dismiss the second amended complaint both under of the law of the case doctrine and Federal Rule of Civil Procedure 12(g)(2).

**A. The Law of the Case Doctrine**

First, plaintiff argues that by granting plaintiff leave to amend its first amended complaint in its October 14 Order, the Court implicitly stated that the proposed amendments were sufficient to survive a 12(b)(6) motion, which amounted to a rejection of defendant's arguments in favor of dismissal. Therefore, plaintiff argues, the law of the case doctrine prevents defendant from bringing these same claims in a second motion to dismiss.

This argument, however, misinterprets the October 14 Order. The Court did not implicitly state that plaintiff's proposed amendments would survive a 12(b)(6) motion by granting plaintiff leave to amend. The October 14 Order did not deny defendant's first motion to dismiss on the merits, but rather dismissed it as moot. Accordingly, the law of the case doctrine is inapplicable here. Furthermore, the

3

October 14 Order specifically granted defendant leave to "file an appropriate motion" "if defendant determin[ed] that issues as to [the second amended complaint's] sufficiency remain." A motion to dismiss is an appropriate motion in response to the second amended complaint. Defendant is permitted to file a motion to dismiss the second amended complaint.

### B. Federal Rule of Civil Procedure 12(g)(2)

Second, plaintiff argues that Rule 12(g)(2) prohibits defendant from moving to dismiss the four tort claims on the new grounds identified, as defendant is not allowed to present new arguments to the Court that were available to defendant from the outset of this case. According to Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." As plaintiff admits, however, this rule applies to situations in which a party files successive motions under Rule 12 "for the sole purpose of delay. . . . Indeed, the only persons to whom Rule 12(g) presents a hazard are motion minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." *Abarca v. Franklin County Water Dist.*, No. 1:07-CV-0388, 2009 WL 1393508, at *2 (E.D. Cal. May 18, 2009) (internal quotation marks omitted).

Rule 12(g) is inapplicable here. As discussed above, the Court did not previously decide defendant's motion to dismiss on the merits. Furthermore, defendant does not file a second motion to dismiss in order to delay proceedings or for any other improper motive. Rather, defendant filed another motion to dismiss because the Court specifically granted it leave to file such a motion in its October 14 Order.

The Court will now consider defendant's motion to dismiss on the merits.

## II. Defendant's Motion to Dismiss

### A. Patent Infringement Claims

Plaintiff's SAC alleges that defendant induced direct infringement by a third party, XMOS. In its motion to dismiss, defendant argues that plaintiff's patent infringement claims should be dismissed because (1) plaintiff has not pled facts sufficient for the Court to reasonably infer that XMOS directly

4

infringed, (2) plaintiff has not pled facts sufficient for the Court to reasonably infer defendant's actual intent, and (3) plaintiff's contributory infringement claims fail to state a cognizable claim under *Microsoft v. AT&T*.

### 1.     Inference that XMOS Directly Infringed

Defendant argues that plaintiff has not pled facts sufficient for the Court to reasonably infer that XMOS directly infringed its patents, which would mean there is no basis for the Court to find that defendant indirectly infringed. Specifically, defendant argues that plaintiff "pleads only the conclusion that XMOS' XS1-G4 memory device contains the infringing Sidense 1T eNVM design," and "provides no facts upon which a court could reasonably infer that XMOS's XS1-G1 [sic] memory device meets any single limitation, much less all limitations, of any single claim of the asserted patents." Def. Mot. to Dismiss, at 3 (internal quotation marks omitted).

In order to prevail on a claim for either inducement of infringement or contributory infringement, a plaintiff must prove direct infringement. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964). To successfully state a claim for direct infringement, a plaintiff must allege five elements: (1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the infringing activity, and (5) citations to applicable federal patent law. *Phonometrics, Inc., v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). "[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).[1]

Here, plaintiff first alleges that plaintiff owns the '751, '757, and '540 patents. SAC ¶¶ 27, 35, 42. Second, plaintiff alleges that defendant's customer, XMOS Ltd., directly infringes these patents. *Id.* ¶¶ 29, 36, 43. Third, plaintiff provides the patent numbers for the '751, '757, and '540 patents. *Id.*

---

[1] Defendant argues that this case is inapposite because it relates to direct infringement rather than indirect infringement, and because the pleading standards for the former are governed by Federal Rule of Civil Procedure Form 18 while the latter are governed by *Twombly*. However, the *McZeal* Court considered *Twombly*, not just Form 18. Moreover, cases distinguishing *McZeal* for indirect infringement purposes have not required plaintiffs to identify patent claims in the pleadings. *See, e.g.*, *Realtime Data, LLC v. Stanley*, No. 6:09 CV 326, 2010 WL 2403779, at *6 (E.D. Tex. June 10, 2010); *Sharafabadi v. Univ. of Idaho*, No. C09-1043, 2009 WL 4432367, at *2, 3, 5 (W.D. Wash. Nov. 27, 2009).

¶¶ 27, 35, 42. Fourth, plaintiff alleges that XMOS infringes these three patents by producing "silicon devices, for example the XS1-G4, that contain the infringing Sidense 1T eNVM design," and "import[ing], sell[ing], and offer[ing] to sell in the United States the silicon devices such as the XSI-G4 products through distributors and sales agents, for example Digi-Key Corporation." *Id.* ¶¶ 29, 36, 43. Fifth, plaintiff cites to the federal patent law, 35 U.S.C. § 271(b). *Id.* These five elements are enough to state a claim for direct infringement. Plaintiff is not required to show that XMOS' XS1-G4 memory device directly infringes at least one claim of each patent at this time.

Plaintiff has pled facts sufficient for the Court to reasonably infer that XMOS directly infringed its '751, '757, and '540 patents.

### 2. Inference of Defendant's Actual Intent

Defendant argues that plaintiff's inducement of infringement claims should be dismissed because plaintiff has not pled sufficient facts for the Court to reasonably infer that defendant acted with actual intent to cause XMOS' direct infringement. Defendant argues that plaintiff does not allege that defendant had actual intent to cause XMOS' direct infringement.

First, to be liable for inducement to infringe, the alleged infringer must knowingly induce infringement. *Manville v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). "The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *Id.* "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Id.* at 554. Here, plaintiff alleges that defendant has "actively induced" its customer, XMOS, to produce silicon devises that contain the allegedly infringing design. SAC ¶¶ 29, 36, 43. Plaintiff also alleges that defendant has been aware of the patents at issue since November 2005. *Id.* ¶ 28.

Second, to be liable for contributory infringement, a plaintiff must "show[] that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg.*, 377 U.S. at 488. Here, as discussed above, plaintiff alleges that defendant knew of the patents at issue. SAC ¶ 28. Furthermore, the complaint pleads that

6

defendant knew that the allegedly infringing products are "especially made and/or adapted for use in an infringement" of the '751, '757, and '540 patents. *Id.* ¶¶ 30, 37, 44. Finally, the complaint pleads that the allegedly infringing products "have no substantial non-infringing use." *Id.*

Accordingly, plaintiff has pled sufficient facts for the Court to reasonably infer that defendant acted with actual intent to cause XMOS' direct infringement.

### 3. Applicability of *Microsoft v. AT&T*

Defendant argues that plaintiff has failed to state a claim for contributory infringement because it did not plead that defendant supplied a "component" of a patented invention to a third party who used the component to directly infringe. Defendant argues that "[t]o plead a claim for contributory infringement, Kilopass must allege facts sufficient for the court to reasonably infer that: (1) a third party directly infringed its patent claims; (2) that Sidense supplied a *component* of that third party's infringing device; (3) Sidense knew that supplied component had no substantial non-infringing uses; and (4) Sidense had knowledge of the patent which proscribed that use." Def. Mot. to Dismiss, at 5 (citing 35 U.S.C. § 271(c); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006)). Defendant notes that plaintiff's contributory infringement claims rely on the allegation that the allegedly infringing GDS files are material parts of the invention claimed in the allegedly infringed patents. Defendant argues that "in *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007), the Supreme Court clearly stated that 'information, instructions or tools' used to create components – which is what Sidense's GDS files are here – are not themselves components under the patent laws." Def. Mot. to Dismiss, at 5.

*Microsoft*, however, is inapplicable to the present case. *Microsoft* interpreted 35 U.S.C. 271(f), which prohibits inducing or contributing to patent infringement outside of the United States. Plaintiff does not allege that defendant has violated § 271(f). Furthermore, the allegedly infringing products in this case are sold within the United States. SAC ¶¶ 29, 36, 43.

## B. Trade Libel and Defamation Claim

Defendant argues that plaintiff's fourth cause of action, trade libel and defamation, should be dismissed because (1) plaintiff does not adequately identify the alleged statements; (2) the alleged

7

statements are opinions, not facts; and (3) plaintiff does not plead special damages with the required specificity. The Court agrees that plaintiff did not allege the actionable statement with the required specificity. As this argument is dispositive, the Court will not address defendant's other two arguments.

To successfully state a claim for trade libel or defamation, a plaintiff must allege (1) who made the statements, (2) to whom that statements were made, (3) the time and place of publication, and (4) the substance of the statements. *See First Adv. Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008) (dismissing plaintiff's trade libel claim because the complaint did not "give[] any indication of who from [the defendant company] made the allegedly libelous statements, to whom they made those statements, when they made the statements, or what exactly they said"); *Films of Distinction v. Allegro Film Prods., Inc.*, 12 F. Supp. 2d 1068, 1081 n.8 (C.D. Cal. 1998) ("In the Ninth Circuit, a product defamation or trade libel claim must be based on specific statements, and '[t]he defamatory character of the language must be apparent from the words themselves.'" (quoting *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 822 (9th Cir. 1995)); *El Dorado Stone, LLC v. Renaissance Stone, Inc.*, No. C 04-2562 JM, 2005 U.S. Dist. LEXIS 45237, at *10-11 (S.D. Cal. Aug. 9, 1995) (holding that to adequately state a claim, defamation claims must "identify the time and place of publication as well as the speaker, the recipient of the statement, [and] the substance of the statements…").

Here, plaintiff alleges:

> In 2010, Kilopass was informed by a customer that Sidense was claiming that Kilopass had no 1T patents. Kilopass was also informed by a customer that Sidense was claiming that Kilopass and Sidense had resolved any intellectual property disputes between them, such that customers were being misled into believing that Kilopass approved of Sidense's products. Upon information and belief, Sidense has stated to Kilopass' customers and potential customers that Kilopass technology is inferior to Sidense's technology.

SAC ¶ 50. Plaintiff does not allege who from Sidense made the statements, or to which customers they were spoken. Plaintiff also does not allege the specific time or place of their publication, but only states that they took place sometime in 2010. Furthermore, plaintiff does not allege the exact substance of the statements that defendant published to plaintiff's customers, but only states their general content. Plaintiff has not alleged its trade libel and defamation claims with sufficient specificity. Accordingly, the motion to dismiss plaintiff's fourth cause of action, defamation and trade libel, is GRANTED.

8

However, given the nature of the defect alleged, and the likelihood that plaintiff could provide the necessary detail as required, plaintiff is given leave to amend the fourth cause of action.

### C.   False Advertisement and Disparagement Claim

Defendant argues that the sixth cause of action, false advertisement and disparagement, should be dismissed because (1) the alleged statements are not objectively baseless, which means they were not made in bad faith, and (2) the claim does not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Defendant raised this second argument only in its reply brief.

#### 1.   Bad Faith

When a statement allegedly constituting false advertisement relates to a defendant's own patents, "federal parent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir.1999). In order to satisfy this bad faith standard, it must be shown that the defendant made claims that were objectively baseless. *GP Indus. Inc. v. Eran Idus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007).

Here, plaintiff alleges:

> On information and belief, Sidense has distributed into interstate commerce false and/or misleading statements . . . . For example, Sidense has described in such advertisements that its so-called "1T-Fuse™ Logic NVM IP" is patented. The statement is false and/or misleading. Sidense's patents are all peripheral logic patents that are not specific to OTP (one-time programming) or any memory per se. Upon information and belief, Sidense has overstated the size of its patent portfolio, in such advertisements.

SAC ¶ 60. In other words, plaintiff alleges that defendant is advertising that it owns a patent for "1T-Fuse™ Logic NVM IP" when it in fact does not. Assuming that plaintiff's allegations are true and drawing all reasonable inferences in the plaintiff's favor, one could conclude that defendant's claims are objectively baseless.

### 2. Federal Rule of Civil Procedure 9(b)

According to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Although the Ninth Circuit has not concluded that Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010); *see also AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003) (dismissing the plaintiff's Lanham Act claim when the complaint did not "allege any facts regarding the location, timing, or content of [defendant's] allegedly false statements"). To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *EcoDisc Tech. A.G.*, 711 F. Supp. 2d at 1085.

Here, plaintiff alleges:

> On information and belief, Sidense has distributed into interstate commerce false and/or misleading statements with the assistance of Ms. Susan Cain, Mr. James Lipman, and others, that falsely portray its products with the intent to materially affect the buying decisions of prospective customers. For example, Sidense has described in such advertisements that its so-called "1T-Fuse™ Logic NVM IP" is patented. The statement is false and/or misleading. Sidense's patents are all peripheral logic patents that are not specific to OTP (one-time programming) or any memory per se. Upon information and belief, Sidense has overstated the size of its patent portfolio, in such advertisements.

SAC ¶ 60. Plaintiff alleges who published the statements (Ms. Susan Cain and Mr. James Lipman), their general content, and why they are allegedly false. Plaintiff further alleges that the statements were in advertisements. To the extent it is required, plaintiff has met the heightened pleading standards of Rule 9(b).

The motion to dismiss the sixth cause of action, false advertisement and disparagement, is DENIED.

### D.  Intentional Interference with Prospective Economic Relations

Defendant argues that plaintiff's fifth cause of action, intentional interference with prospective economic advantage, should be dismissed because (1) plaintiff does not allege adequate facts to state a claim, and (2) plaintiff does not allege any independent wrong to support is claim for intentional interference with prospective economic relations.

Defendant's first argument fails for the same reasons here as it did with respect to the false advertisement and disparagement claim. Defendant's second argument – failure to allege an anchoring independent violation of law – is met by the survival of other tort claims. Accordingly, defendant's motion to dismiss plaintiff's fifth cause of action is DENIED.

### E.  Unfair Competition Claim

Defendant argues that plaintiff's seventh cause of action, unfair competition, should be dismissed because (1) plaintiff does not adequately allege an independent wrong to support its claim of unfair competition, (2) plaintiff does not allege sufficient facts to satisfy Rule 9(b)'s heightened pleading standard, and (3) plaintiff does not plead a violation of antitrust laws, which means that any claim under the "unfair" prong of Section 17200 of the California Business and Professions Code must fail.

Section 17200 of the California Business & Professions Code prohibits "any unlawful, unfair or fraudulent business act or practice." Both plaintiff's second amended complaint and opposition indicate that the unlawful, unfair, or fraudulent business practices that form that basis of this claim consist of plaintiff's other tort counts. *See* SAC ¶ 64 ("The unlawful, unfair or fraudulent business acts or practices of Sidense are described in detail above and contravene the prohibitions of California Business & Professions Code, Section 17200."); Pl. Opp., at 15 ("As with the intentional interference count, the survival of any one of [the other tort counts in the second amended complaint] is sufficient to provide the necessary 'borrowed law.'"). For pleading purposes, this will suffice. The motion to dismiss plaintiff's seventh cause of action is DENIED.

### CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby DENIES defendant's motion

11

to dismiss as to the first through third and fifth through seventh causes of actions, and GRANTS defendants' motion to dismiss the fourth cause of action, with leave to amend only the allegations in paragraph 50 related to the fourth cause of action for trade libel and defamation. Any amended complaint must be filed no later than December 23, 2010.

**IT IS SO ORDERED.**

Dated: December 13, 2010

SUSAN ILLSTON
United States District Judge