United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC, <br><br> Plaintiff, <br><br> v. <br><br> SIDENSE CORPORATION, <br><br> Defendant. | No. C 10-02066 SI <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION** |

Defendant's motion to stay pending *inter partes* reexamination is currently scheduled for hearing on February 11, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Plaintiff Kilopass Technology, Inc., is a company that markets "a novel way of storing data permanently inside integrated circuits ("IC") by creating a breakdown in the transistor, safely and reliably." Second Amend. Compl. 8. Plaintiff alleges that defendant Sidense Corporation "has knowingly copied Kilopass' patented technology and has been selling and offering for sale Kilopass' patented technology without authorization from Kilopass." *Id*. at 18. In particular, plaintiff alleges that defendant infringed U.S. Patent Nos. 6,940,751 ("'751 patent"), 6,777,757 ("'757 patent"), and 6,856,540 ("'540 patent"). *Id*. at 10, 17. Plaintiff also alleges that defendant has been "sowing deceit in the marketplace" by "falsely alleg[ing] in the marketplace statements to the effect that Kilopass has no intellectual property issues with Sidense." *Id*. at 24.

Plaintiff originally filed suit in this Court on May 14, 2010.  *See* Compl.  Plaintiff filed its second amended complaint ("SAC") on October 14.  *See* SAC.  On December 13, 2010, the Court granted in part and denied in part a motion to dismiss, leaving six causes of action in the case:  three patent infringement claims, one false advertisement and disparagement claim, one intentional interference with prospective economic relations claim, and one unfair competition claim.

Defendant filed for *inter partes* reexamination by the United States Patent and Trademark Office ("PTO") of the '757 patent on October 14, 2010 and the '540 patent on October 25, 2010.  *See* Def. Mot. to Stay Pending *Inter Partes* Reexamination ("Def. Mot. to Stay"), at 4.  Defendant filed for *inter partes* reexamination of the '751 patent on November 24, 2010.  *Id.*  On January 7, 2011, defendant filed the motion to stay pending *inter partes* reexamination which is currently before the Court.  On January 14, 2011, the Court conducted the Case Management Conference.  The Court subsequently issued an order setting numerous dates, including a July 20, 2011 date for a claim construction hearing ("*Markman* hearing").  *See* Docket No. 65.

The PTO granted reexamination of the '757 patent on January 7, 2011 and of the '540 patent on January 13, 2011 and issued first office actions rejecting all claims of each patent.  *See* Def. Reply to Pl. Oppo. to Def. Mot. to Stay Pending *Inter Partes* Rexamination ("Def. Reply"), Exs. M, N.

## LEGAL STANDARD

District courts have the discretion to stay proceedings pending the PTO's consideration of a reexamination petition, although "there is no per se rule that patent cases should be stayed pending reexaminations." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. 09-1635, 2009 WL 3078463, at *2 (N.D. Cal. Sep. 28, 2009) (internal quotation marks and citation omitted).  A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. *Id.* (internal citations omitted).  Courts look to three factors when considering whether to grant a stay: (1) whether discovery is complete and/or a trial date has been scheduled or the case is otherwise at an advanced stage; (2) whether the stay would simplify matters at issue before the court; and (3) whether the stay would unduly prejudice the non-moving party. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

2

# DISCUSSION

## A. Stage of Litigation

The first issue to be considered in determining whether to grant a stay pending reexamination is whether a substantial amount of discovery has been conducted or the case is otherwise at an advanced stage. *Telemac*, 450 F. Supp. 2d at 1111. In this case, nine months have elapsed since the initial filing of the lawsuit, during which time plaintiffs filed two amended complaints in response to defendant's motions to dismiss. While no trial date has been set, limited discovery has been conducted and several dates have been set, including the date for the *Markman* hearing.

Defendant argues that because the trial date has not been set, only one set of document requests and interrogatories have been delivered, and only "a few insurance policies" have been produced, that the case is still in the early stages of litigation. Def. Reply, at pg. 3. Plaintiff urges the Court to undertake a "much broader analysis" and to take into account the "significant time, efforts, and resources" that it has expended "while attempting to reach a non-judicial resolution of the parties' dispute" and in the nine months since the case was filed. Pl.'s Memo. of Law in Oppo. to Def. Mot. to Stay Pending *Inter Partes* Reexamination ("Pl. Oppo."), at pgs. 3-4. Plaintiff also claims that defendant "seeks to obscure reality by attempting to claim that this litigation is in its early stages and that any delay is actually the fault of [defendant]" because defendant has requested one extension and filed two motions to dismiss. *Id.*

Even looking at this factor from a broad perspective, the facts remain that little has been done in terms of discovery or in addressing substantive matters as to the patent claims in this case. Therefore, this factor weighs in favor of granting the stay.

## B. Simplification of Case

The second factor to be considered is whether the stay would simplify matters at issue before the Court. "To truly simplify the issues . . . the outcome of the reexamination must 'finally resolve all issues in the litigation.'" *Yodlee, Inc. v. Ablaise Ltd*, No. 06-07222, 2009 WL 112857, at *5 (N.D. Cal. Jan. 16, 2009) (quoting *Gladish v. Tyco Toys Inc.*, No. 92-1666, 1993 WL 625509, at *2 (E.D. Cal. 1993)). Defendant argues that if the patent claims are ultimately rejected or amended, the patent

3

infringement claims will either have to be dismissed or re-evaluated. Def. Reply, at pg. 5. Defendant offers the fact that the PTO has issued a non-final first office action rejecting the claims in the '757 and '540 patents as evidence that it will likely do the same for the '751 patent. Defendant also offers statistics that show that 89% of 192 *inter partes* reexamination proceedings since 1999 have resulted in either cancellation or modification of the claims. Def. Mot. to Stay, at pg. 8 (citing Hutchins Decl., Ex. K). Finally, defendant cites 35 U.S.C. § 315(c) for the proposition that even if all of the claims are upheld as valid, defendant will be estopped from presenting invalidity arguments which they could have raised during the reexamination process, thus simplifying the litigation. *Id*., at pg. 7.

As an initial matter, the PTO's initial rejections of two of the patents' claims and the proffered statistics do not have as much probative value as defendant argues. "[T]he PTO almost always grant initial rejections in *inter partes* reexaminations against all claims[,] . . . [so] the Court gets only limited guidance from initial actions as to the ultimate outcome." *Network Appliance Inc. v. Sun Microsystems Inc.*, No. 07-6053, 2008 WL 4821318, at *2 (N.D. Cal. Nov. 3, 2008) (citing Robert Greene Sterne, et al., *Reexamination Practice with Concurrent District or USITC Patent Litigation*, 11 SEDONA CONF. J. 1, 32 (2010)). "[T]he possibility of conflicting results between the Court and the PTO do not compel staying the action" because even if there is a conflict, "the Federal Circuit may affirm the district court's determination on validity." *Id*. (citing *Technology Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1330-31 (Fed. Cir. 2008)).

Furthermore, the patent infringement claims will only be finally resolved if the PTO denies all of the claims in all three of the patents. "Staying the case as to the three patents in reexamination is not nearly as likely to significantly simplify . . . litigation as much as [do] stays issued in . . . single patent cases." *Network Appliance, Inc. v. Sun Microsystems, Inc.*, No. 07-6053, 2008 WL 2168917, *3 (N.D. Cal. May 23, 2008). While *Network Appliance* involved sixteen patents other than the three patents being reviewed, the principle stands that complaints involving multiple patents are less likely to be resolved by a PTO decision. The Court agrees with *Network Systems* that staying a case even in its early stages pending reexamination does not necessarily lead to "the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay. This . . . stems in part from the unpredictable but often lengthy

4

duration of the stay due to the length of PTO reexamination proceedings . . . in contrast to the salutary effect of firm deadlines on efficient case management." *Id*. Defendant's argument that 89% of *inter partes* reexaminations result in cancellation or modification of the claims seems to indicate that the PTO is predictable. However, only 47% of *inter partes* reexaminations resulted in the PTO canceling or disclaiming all of the claims. *See* Hutchins Decl., Ex. K. Following defendant's reasoning, the probability that the PTO will deny all of the claims in all three of the patents is actually only about 10% (.47^3), undermining defendant's argument that litigation will be resolved by the PTO's decision.[1]

The Court must also consider the remaining three tort claims at issue in this case, which are intertwined with the patent claims. On the one hand, it is unlikely that the PTO's decision will resolve the tort claims, or even simplify them. On the other hand, because the tort claims contain allegations of misconduct related to the patents, it does not make sense, as defendant suggests, to stay the patent infringement claims and allow the other claims to proceed.

The second factor weighs towards continuing with the proceedings.

## C. Undue Prejudice

Finally, plaintiff argues persuasively that it would face undue prejudice if the Court stays these proceedings. Plaintiff asserts that reexamination proceedings can take three years, which is corroborated by papers submitted by the defendant. *See* Pl. Oppo., at pg. 6; *see also* Hutchins Decl., Ex. K. Although the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice," delay is certainly a factor to be considered. *Esco Corp.*, 2009 WL 3078463, at *3. Even though the PTO has issued non-final initial actions, the likelihood of a lengthy reexamination is still high and weighs towards undue prejudice.

Plaintiff argues that delay in this case would be a problem for two main reasons. First, plaintiff asserts that a stay would allow the defendant to remain free to market and sell the allegedly infringing

---

[1] Defendant also argues that if the some or all of the claims are upheld, it will be estopped from raising validity claims that it raised during the reexaminations, simplifying the litigation. However, defendant may well still be left with a significant number of complicated defenses.

5

products during the reexamination process.² Second, plaintiff contends that "the substantial risk of evidence spoliation and faded witness memories also causes undue prejudice." Pl. Oppo., at pg. 7. The Court agrees that it will be beneficial to all parties to develop the most accurate and fullest possible record in relation to the claims and counterclaims in this action, in as expeditious a manner as possible, particularly because there are three related tort claims at issue.

Although the factors for the Court to consider in this case do not weigh greatly in favor of one side or the other, on balance the factors weigh in favor of defendant. The Court DENIES defendant's motion for a stay.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to stay pending reexamination. (Docket No. 59).³

**IT IS SO ORDERED.**

Dated: February 8, 2011

SUSAN ILLSTON
United States District Judge

---

² Defendant argues that plaintiff responsible for its own delay in the resolution of this suit, because plaintiff delayed significantly in filing the suit. Defendant attaches to its reply brief correspondence between the parties in 2005, 2006, and 2007. The Court does not find this correspondence to resolve the question of whether *further* delay would prejudice plaintiff.

³ On February 4, 2011, plaintiffs filed a motion to strike the material attached to defendant's reply motion. This motion is DENIED as unnecessary because the Court has found in plaintiff's favor in this matter. (Doc. 72).