IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC., | No. C 10-02066 SI |
| Plaintiff, | **ORDER DECLASSIFYING PLAINTIFF'S INFRINGEMENT CONTENTIONS** |
| v. | |
| SIDENSE CORPORATION, | |
| Defendant. | |

Defendant's motion to declassify plaintiff's infringement contentions is currently scheduled for hearing on March 25, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion.

On January 28, 2011, plaintiff served defendant with infringement contentions containing claim charts marked "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" ("Infringement Contentions"). Defendant contends that these Infringement Contentions contain an assertion by plaintiff that the terms "wordline" and "bitline" are interchangeable. Defendant argues that this assertion is contrary to plaintiff's prior assertions to the United States Patent and Trademark Office ("USPTO") during the course of the *inter partes* reexamination of plaintiff's U.S. Patent No. 6,940,751 ("'751 patent") indicating that, for purposes of validity, the terms are not interchangeable. Defendant wishes to provide the Infringement Contentions to the USPTO.[1] On February 4, 2011, defendant provided plaintiff with

---

[1] On February 23, 2011, the USPTO issued an "Action Closing Prosecution," which plaintiff contends precludes defendant from offering the Infringement Contentions to the USPTO as the USPTO has "denied the request [for *inter partes* reexamination] in its entirety." Pl. Oppo., at 3, 8. However, not only does Manual of Patent Examining Procedure ("MPEP") specify that "an Action Closing

1 written notice of its objections to plaintiff's designation of the Infringement Contentions as confidential.
2 Plaintiff countered that the Infringement Contentions were designated confidential because they
3 "contain detailed reverse engineered electron microscope images of XMOS Microprocessors"; XMOS
4 is a client of defendant who allegedly incorporated defendant's "designs and files . . . to produce the
5 accused instrumentalities." Pl. Oppo., 2-3. On February 14, 2011, plaintiff and defendant met and
6 conferred to discuss defendant's request to declassify the Infringement Contentions, but they did not
7 reach a resolution. On February 18, 2011, defendant filed this motion.[2]

8 Both parties concede that the Court's Patent Local Rule 2-2 Interim Model Protective Order
9 ("Interim Protective Order") applies to this dispute. According to the Interim Protective Order, a party
10 may challenge a designation of confidentiality and, provided that it has met and conferred with the
11 designating party to no avail, may request judicial intervention in challenging the confidentiality
12 designation. Interim Protective Order, §§ 6.2-6.3. "The burden of persuasion in any such challenge
13 proceeding shall be on the Designating Party." *Id.* at § 6.3.

14 Plaintiff argues that "the electron microscope photos of the XMOS' chips are neither [plaintiff's]
15 or [defendant's] information to declassify" and then attempts to shift the burden of persuasion onto
16 defendant: "If [defendant] has a direct line of communication with its customer XMOS, why can it not
17 obtain a simple one page declaration from XMOS stating that it does not object to the disclosure of its
18 product information?" Pl. Oppo, at 6-7. However, defendant is not required to provide this information
19 from XMOS because it is plaintiff who bears the burden of persuading the Court that its designation of
20 the Infringement Contentions as confidential is appropriate.

---

Prosecution . . . is not a final action," but it also explains that

> in order to ensure a complete file, with updated status information regarding prior or concurrent proceedings regarding the patent under reexamination, the [USPTO] will, at any time, accept from any parties, for entry into the reexamination file, copies of notices of suits and other proceedings involving the patent and copies of decisions or papers filed in the court from litigations or other proceedings involving the patent.

MPEP §§ 2671.02, 2686.

[2] Defendant also filed a Motion to Shorten Time on the Hearing for the Motion to Declassify on February 18, 2011. (Docket No. 81). However, given that the USPTO issued an Office Action Closing Prosecution on February 23, 2011, defendant concedes that there is no longer "specific urgency for declassification." Def. Reply, 2 n.1. Therefore, defendant's Motion to Shorten Time is DENIED as moot.

2

Plaintiff has not met its burden. It argues that the Infringement Contentions and specifically the photographs of the microprocessor chip contained therein "may contain proprietary, technical, or commercial information belonging to a third party (XMOS), which if revealed, may put XMOS at a competitive disadvantage." Pl. Oppo., at 6 (citing Shailendra Maheshwari Decl., ¶ 2). However, its speculative statements of concern for the confidentiality of the photographs of XMOS' chip are belied by the fact that not only has plaintiff not asserted any duty of confidentiality to XMOS or any relationship at all with XMOS, but also by the fact that the microprocessor chip is publicly available. Plaintiff quotes from an e-mail from XMOS to defendant which states:

> You have informed us that Kilopass has reverse engineered some publicly available XMOS products, and that Kilopass is concerned that the reverse engineering analysis might be considered confidential to XMOS. While we have not seen this analysis, it is our understanding from Sidense's attorney that this analysis is based purely on the reverse engineering of publicly available XMOS products and other public information, and is not based on any confidential documents or other information that XMOS has provided to Kilopass (directly or otherwise).

Pl. Oppo, at 4 (quoting Declaration of Roger L. Cook, Ex. D). Plaintiff focuses on the fact that XMOS has not seen the Infringement Contentions, but does not refute any of the other statements in the email.

As plaintiff has not provided any arguments - other than vague statements that the Infringement Contentions "may" contain XMOS' confidential information - it has not met its burden of persuasion under the Interim Protective Order. Therefore, defendant's motion to declassify the Infringement Contentions (Docket No. 80) is GRANTED.

**IT IS SO ORDERED.**

Dated: March 23, 2011

SUSAN ILLSTON
United States District Judge

3