James M. Shin (State Bar No. 200161)
james.shin@snrdenton.com
Imran A. Khaliq (State Bar No. 232607)
imran.khaliq@snrdenton.com
**SNR Denton US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Mark L. Hogge (Pro Hac Vice)
mark.hogge@snrdenton.com
Shailendra Maheshwari (Pro Hac Vice)
shailendra.maheshwari@snrdenton.com
**SNR Denton US LLP**
1301 K Street, NW
Washington, DC 20004
Telephone: (202) 408-6400
Facsimile: (202) 408-6399

*Attorneys for Plaintiff*
KILOPASS TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., a California Corporation,<br><br>Plaintiff;<br><br>SIDENSE CORPORATION, a Canadian Corporation,<br><br>Defendant. | Case No. 3:10-cv-02066 SI<br><br>**KILOPASS' NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 37 TO COMPEL AMIMON'S PRODUCTION IN RESPONSE TO KILOPASS SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS, OR TO PERMIT INSPECTION IN A CIVIL ACTION**<br><br>Date:   June 24, 2011<br>Time:   9:00 am<br>Room:  10<br>Judge:  Hon. Susan Illston |

**NOTICE OF MOTION**

1

2  PLEASE TAKE NOTICE that on Friday June 24, 2011, at 9:00 a.m. in Courtroom 10, 19th

3  floor Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff, Kilopass

4  Technology Inc. ("Kilopass"), by and through their counsel, shall and hereby do move the Court for

5  an order pursuant to Fed. R. Civ. P. 37 compelling third party Amimon Inc. ("Amimon") to comply

6  with Kilopass Subpoena To Produce Documents, Information, Or Objects Or to Permit Inspection of

7  Premises In A Civil Action ("Kilopass Subpoena").

8  This Notice of Motion and Motion Pursuant to Fed. R. Civ. P. 37 To Compel Amimon's

9  Production In Response to Kilopass Subpoena To Produce Documents, Information, Or Objects Or to

10 Permit Inspection In A Civil Action ("Kilopass' Motion to Compel") is made on the grounds that

11 third party Amimon Inc., a customer of Defendant party Sidense Corporation ("Sidense") is a

12 believed to be a direct infringer of U.S. Patents 6,940,751 ("'751 Patent"), 6,777,757 ("'757 Patent")

13 and 6,856,540 ("'540 Patent") ("the Patents-in-Suit"), and has refused to comply with Kilopass

14 Subpoena under Fed. R. Civ. P. 45 which was personally served on Amimon at its office located at

15 2350 Mission College Blvd., Suite 500, Santa Clara, CA 95054.  Kilopass has met and conferred with

16 counsel for Amimon under Civ. Local Rule 37 for over a month since receiving Amimon's blanket

17 objections refusing to provide any documents or items in response the subpoena.  Kilopass' Motion

18 to Compel is further based on the Declaration of Imran A. Khaliq in Support of Kilopass Motion to

19 Compel ("Khaliq Declaration"), supporting exhibits, all relevant pleadings, records and files in this

20 action, matter of which the Court may take judicial notice, and any other evidence and argument as

21 may be presented at any hearing on this motion.  Amimon Inc. has properly been served with a copy

22 of this Notice and Motion to Compel.

23 Kilopass respectfully requests the Court to grant Kilopass' Motion to Compel and order

24 Amimon to produce information and items in response to Kilopass Subpoena, attached as Exhibit 1 to

25 the accompanying Declaration of Imran A. Khaliq In Support of Kilopass Motion to Compel.

26 Kilopass further requests that the Court order Amimon to pay the reasonable costs and attorneys fees

27 incurred by Kilopass in brining this motion to compel.

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KILOPASS MOTION TO COMPEL AMIMON'S PRODUCTION**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 37, Civil Local Rule 37, and the Court's Standing Order on discovery disputes, Kilopass Technology, Inc. ("Kilopass") hereby submits this Motion to Compel respectfully requesting an order to compel third party Amimon, Inc.'s ("Amimon") discovery compliance in this case.

This dispute concerns Amimon's refusal to provide discovery based on "relevancy", "undue burden" and "confidentiality" objections, despite Amimon's acknowledgement that it utilizes the accused Sidense, Inc. ("Sidense") technology in its chips and its full awareness of the Protective Order in this case. (See Khaliq Decl., Ex. 2, Amimon's Objections to Kilopass' Subpoena). As discussed below, Amimon is a direct infringer of the asserted patents and its objections are without merit. The scope of discovery is necessarily broad and absent actual undue burden or other legitimate reason to withhold the requested discovery, Amimon's blanket refusal to comply with Kilopass' subpoena is inexcusable. Kilopass respectfully requests that the Court order Aminon to comply with the basic discovery requested in Kilopass' subpoena.

**II.     CERTIFICATION PURSUANT TO FED R. CIV. P. 37**

Counsel for Kilopass certifies that it has met and conferred with counsel for Amimon in a good faith effort to resolve this dispute without court intervention. (Khaliq Declaration ISO Motion to Compel, ¶¶ 2-13)(hereinafter "Khaliq Decl.").

**III.     FACTUAL BACKGROUND**

Plaintiff Kilopass is the owner of U.S. Patents 6,940,751 ("'751 Patent"), 6,777,757 ("'757 Patent") and 6,856,540 ("'540 Patent") ("the Patents-in-Suit"). The patented technology provides, inter alia, a novel way of storing data permanently inside integrated circuits ("IC"). (Dkt. No. 38, Second Amended Complaint). Defendant Sidense induces infringement and contributorily infringes the Patents-in-Suit by providing the patented technology to its customers who use the design to manufacture silicon devices such as computer chips. (*See e.g*., Dkt. No. 38, Second Amended Complaint, 18-33).

Third party Amimon is a California company located at 2350 Mission College Blvd., Suite 500, Santa Clara, CA 95054, with headquarters in Israel.  Amimon supplies chips in the United States with the accused Sidense technology, defined as the "Sidense OTP" (One Time Programmable Memory) in Kilopass' subpoena. (Ex. 2, Kilopass Subpoena to Amimon).  Amimon acknowledges that it uses the Sidense OTP.  (See Khaliq Decl., Ex. 2, at 4, Gen. Obj. No. 14).  Like many of Sidense's customers, Amimon is believed to a be a direct infringer of the Patents-in-Suit.  Accordingly, Kilopass has subpoenaed several of Sidense's customers for samples of the accused products, related technical information, and sales information.  (*See* Khaliq Decl., Ex. 1, Kilopass Subpoena to Amimon, requests 1-18).  Nearly a month after meeting and conferring with Amimon's counsel (also Sidense's counsel of record in this case), Amimon has now objected to producing any information in this litigation on the basis of "relevance",  "undue burden" and "confidentiality" (*See* Khaliq Decl., Ex. 5, 5/4/11 Letter from Amimon).

### A. Amimon's Objections to Kilopass' Subpoena

On March 28, 2011, Kilopass personally served a subpoena *duces tecum* on Amimon ("Kilopass Subpoena") with eighteen requests for the production of documents and things to take place by April 11, 2011.  (See Khaliq Decl., Ex. 1).  On April 8, 2011, Amimon served its written responses and blanket objections to all eighteen requests, indicating in nearly all responses that Aminon would not produce documents and things that Kilopass should instead obtain from Sidense.  (*See* Khaliq Decl.,  Ex. 2).

### B. The Parties Meet and Confer Efforts on Amimon's Refusal to Provide Discovery In Response to Kilopass' Subpoena

Amimon has not conferred in good faith as required under Civ. L.R. 37.  On April 13, 2011, the parties met and conferred by telephone on Amimon's refusal to provide documents and things in response to the Kilopass subpoena. (*See* Khaliq Decl., Ex. 3, 4/13/11 Kilopass Letter).  Kilopass explained to counsel for Amimon during the meet and confer that Amimon's chips using the Sidense OTP and related technical and financial information for the Aminon chips were relevant to Kilopass' indirect infringement theories against Sidense, as Aminon is likely one of many direct infringers using the Sidense OTP.  Counsel for Amimon did not refute the relevance of the material, but

emphasized that the subject information would be cumulative and duplicative to that which allegedly would be provided by named party Sidense in this case. (*See Id*.).

In response to these concerns, counsel for Kilopass agreed to compromise and reduce any perceived burden on Amimon by agreeing to accept certain categories of documents that could only be sought from Amimon and not Sidense in this litigation. In a follow up letter to counsel on April 13, 2011, Kilopass wrote:

> Meanwhile, in the spirit of cooperation and in order to minimize the burden on Amimon while ensuring essential cooperation and compliance from Amimon for its discovery obligations in response to the Subpoena, we are willing to accept from Amimon, in addition to items responsive to Requests Nos. 1,13-15, and 16-18, documents relating to the marketing, design, development, structure, and operation of Amimon chips containing Sidense OTP (as defined in the Subpoena).
> (See Ex. 3 at 2).

On April 14, 2011, counsel for Amimon responded, "I am committed to getting you a response to some of the issues raised during our discussion." (*See* Khaliq Decl., Ex. 4, 4/14/11 Amimon Letter). In the same letter, counsel for Amimon indicated that they would not be able to provide a response until after April 26, 2011, since the head office, located in Israel, was closed for the Passover holidays. After multiple follow up inquiries, Amimon responded nearly a month later by a letter dated May 4, 2011 stating that it disagreed with some of the "characterizations" in Kilopass' April 13, 2011 letter, which was sent immediately following the parties' meet and confer. (Ex. 5, 5/4/11 Amimon Letter). Not once during the parties actual meet and confer did Amimon voice an objection that it would withhold discovery of its chips on the basis of a relevancy objection; this objection was raised for the first time nearly a month after Amimon served its written objections to Kilopass' subpoena. On May 6, 2011, Kilopass sent yet another letter to Amimon explaining the direct relevancy of the requested materials and provided further factual and case law support of its position on the requested discovery from third party direct infringers. (See Khaliq Decl., Ex. 6).

Now, only after Kilopass renewed its assertion that it would have no option but to file a motion to compel seeking a Court order to force Amimon to produce documents in this case, does Amimon renew the same objections it made in its written objections and responses to Kilopass' subpoena with additional complaints about undue burden and the number of chips sought by Kilopass. (See Ex. 7, 5/10/11 Amimon letter). On May 11, 2011, Kilopass again responded to

Amimon's concerns by (1) offering to reduce its requests to 5 chips instead of 10 while even offering to pay for the costs of the chips; (2) offering to pay for the reasonable costs associated with producing documents in response to the subpoena; and (3) renewing its offer to accept the documents in the limited categories and requests it had noted in its April 13, 2011 letter. (*See* Khaliq Decl., Ex. 8, 5/11/11 Kilopass e-mail)

On May 13, 2001, Counsel for Amimon asked Kilopass why Sidense's "macros and GDS files" (i.e., the accused Sidense technology provided to Amimon) was not sufficient. Kilopass responded by email on May 16, 2011, informing Amimon that it needed to see Amimon's implementation of the accused technology in its chips, as the chips using the Sidense OTP would be highly relevant to direct infringement and indirect infringement theories against Sidense. (Khaliq Decl., Ex. 10). Despite Kilopass' multiple attempts to compromise, Amimon still has not produced anything in response to Kilopass subpoena.[1] This motion to compel followed.

### IV. LEGAL STANDARD

A court may compel a non-party to comply with discovery under Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R.Civ. P. 37. Rule 45 authorizes the issuance of a subpoena commanding a non-party to produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules. See Fed. R.Civ. P. 45 advisory committee's note (1970). Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

---

[1] On May 17, 2011 counsel for Amimon phoned counsel for Kilopass requesting that Kilopass consider limiting itself to discovery from party Sidense instead of third party Aminon. Counsel for Kilopass responded that it had already agree to narrow the scope of its subpoena to Amimon to only those documents and things involving the use of the accused Sidense OTP in the Amimon products, namely the technical documents showing the implementation of the Sidense OTP, any marketing documents touting features of the Sidense OTP, and the financial documents on the sales of chips implementing the Sidense OTP. Counsel for Amimon agreed to confer with its client again, but to date has still not provided a clear and unequivocal guarantee that it will produce any documents at this stage. Instead, counsel for Amimon is suggesting that Kilopass take a "wait and see" approach to discovery from third parties. (Khaliq Decl., ¶ 12).

## V. ARGUMENT

### A. Amimon's Refusal To Provide Discovery Based On Its Relevancy Objection is Improper and Unsupported by Law

Amimon's objection to Request No. 1 on the basis that its chips do not infringe, and are therefore not relevant, is not the proper test for withholding discovery under Rules 26, 34, and 45. (*See* Khaliq Decl., Ex. 5, 5/4/11 Amimon Letter).   Information is relevant under Rule 26(b)(1) if it is relevant to any matter relevant to the subject matter involved in the action and reasonably calculated to lead to the discovery of admissible evidence.  Relevancy, for the purposes of discovery, is defined broadly.  *Hickman v Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947).  "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc*., 813 F.2d 1207, 1211 (Fed.Cir. 1987).  "A district court . . . should be especially hesitant to pass judgment on what constitutes relevant evidence . . .[w]here relevance is in doubt . . . the court should be permissive."  *Gonzales v. Google, Inc*., 234 F.R.D. 674, 681 (N.D. Cal., 2006) (quoting *Truswal Sys. Corp*., 813 F.2d at 1211-1212).

Sidense's OTP technology is the accused technology in this case.  (Khaliq Decl., ¶ 10, Kilopass Infringement Contentions cite the "Sidense 1T OTP").  Amimon's response to the subpoena acknowledges that Amimon is using the accused technology: "Amimon interprets this Request to mean Sidense OTP technology that Amimon has incorporated into its products." (See Ex. 2, Gen. Obj. No. 14).  Not only has Amimon admitted that it is incorporating the accused technology into its products, but Sidense, the party subject to Kilopass' indirect infringement claims, openly touts on its website: "AMIMON, the market leader in wireless High Definition (HD) semiconductor solutions, is employing Sidense's 1T-Fuse™-based one-time programmable (OTP) memory macro technology in chips."  (*See* Khaliq Decl., Ex. 9, http://www.sidense.com/Press-Releases/2009/Sidense-OTP-Enables-Security-of-Wireless-Video-Transmissions.html).  Given the admission that Amimon is using the Sidense OTP, coupled with Sidense's advertisements and promotion of Amimon's use of the accused Sidense OTP, there is simply no good faith basis to argue that the Amimon chips are not relevant to any claim or defense in this case.  (*See* Khaliq Decl., Ex. 5, 5/4/11 Amimon Letter).

1    Further, and contrary to Amimon's objections, a party is not required to prove its
2    infringement theories in order to be entitled to discovery of information pursuant to Rule 26.  *See,*
3    *e.g., 3Com Corp v. D-Link Sys.*, 2007 U.S. Dist. LEXIS 26540 (N.D. Cal. 2007) ( "3Com is not
4    required to prove its inducing infringement theory to be entitled to discovery of such information.").
5    If defendants or non-parties were entitled to withhold discovery on the basis of their belief that they
6    do not infringe, indeed no discovery would ever take place in a patent case.  Further, Amimon's offer
7    to furnish a declaration, stating that it does not employ the accused technology, in lieu of the
8    requested discovery, is unacceptable.  Kilopass is entitled to determine for itself whether Amimon
9    enables the patented programmable memory or Amimon's customers enable this feature.  Indeed,
10   such a declaration cannot be reconciled with Amimon's admission that it does use Sidense's
11   technology and Sidense's admission that Amimon uses the subject technology.
12    Sidense's previously filed motions to dismiss have made it clear that Sidense believes its
13   macros and GDS files (files used in the Sidense OTP) are not sufficient for Kilopass' infringement
14   theories and that Kilopass was required to review and analyze the third party chips themselves.  (Dkt.
15   No. 12).   Indeed, Sidense filed motions and declarations on this issue, arguing that it did not infringe
16   because the customers implemented the accused technology. (*See, e.g.*, Dkt. No. 12, Sidense's Motion
17   to Dismiss First Amended Complaint at 13, "Sidense's only product is its memory macro-cell design,
18   which Sidense licenses to customers who download GDS files containing those designs from
19   Sidense's server in Ottawa, and who use those files to build semiconductor devices in which memory
20   cells manufactured according to Sidense's designs are embedded.").
21    It would appear that counsel for Amimon now has a conflict of interest. On one hand party
22   Sidense would like to dismiss this case on the basis that it does not infringe because its customers use
23   the accused the accused technology.   The same attorneys for  Sidense, also representing Amimon,
24   would also like to prevent discovery from third parties who use the accused technology and limit
25   discovery from Sidesne only.  These two inconsistent positions cannot be reconciled.  It is clear that
26   counsel for Sidense and Amimon are seeking to block relevant discovery from Sidense's customers
27   who are using the infringing technology to prevent Kilopass from building its indirect infringement
28   claims against Sidesne.

Moreover, Amimon has waived any relevancy argument by failing to make this objection in its written responses to Kilopass' subpoena. (*See* Khaliq Decl., Ex. 2). However, to the extent Amimon insists on advancing this objection, Amimon may do so, after providing the discovery, subject to preserving the relevancy objection for trial. (See Advisory Committee Notes under 1970 Amendment to Rule 26(b)(1) "a flexible treatment of relevance is required and the making of discovery, whether voluntary or under court order, is not a concession or determination of relevance for purposes of trial.").

### B.     Amimon's Undue Burden and Cumulative Discovery Argument is Without Merit

Amimon's latest letter objection appears to indicate that it is now withholding discovery on Kilopass' remaining requests 2-18 on the basis that the discovery is allegedly unduly burdensome and/or cumulative to discovery that will be provided by Sidense in this case. (See Ex. 7, 5/10/11 Amimon letter).

The Federal Rules place certain limits on discovery:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
> Fed. R. Civ. P. 26(b)(2)(C).

Kilopass is cognizant of these limits and is sensitive to not imposing undue burden or expense on Amimon. For these reasons, after meeting and conferring with counsel, it had initially agreed to limit its request to technical, marketing, and sales documents for the chips containing the Sidense OTP in addition to Requests Nos. 1, 13-15, which request financial information on sales and payments made in connection with Amimon's use and sale of chips containing the Sidense OTP, as well as Requests 16-18, concerning Amimon's knowledge of the Patents-in-Suit. Kilopass offered this compromise to Amimon to avoid potentially duplicative discovery, even though neither Amimon nor Sidense had acknowledged that Sidense will provide all the documents sought by the other

requests. Instead, Amimon's counsel demands Kilopass to rely on the hope that it might find such documents in Sidense's production before seeking any discovery from Amimon. This position is simply unreasonable and further calculated to indefinitely postpone Amimon's discovery obligations in this case. Kilopass should not have to wait until Sidense produces documents (which it has yet to do) before seeking discovery from a direct infringer.

### C. Amimon's Refusal To Provide Discovery On the Basis of Its Confidentiality Objection is Not Justified

Amimon further objects to providing its chips containing the Sidense OTP on the basis that the chips contain highly confidential material belonging to Amimon and other parties and that production of such materials will cause competitive harm to Amimon and third parties. (Khaliq Decl., Ex. 2, Objection to Request 1). While furthering this objection, Amimon has also suggested that Kilopass purchase these chips on the open market. (Khaliq Decl., Ex. 7, at 3). If indeed the Amimon chips can be purchased on the open market, how it possible that Amimon will be harmed by providing these chips in discovery?[2]

Nevertheless, if Amimon has confidentiality concerns, any confidentiality in the Amimon chips and documentation produced by Amimon will be protected by the Parties Stipulated Protective which was entered on May 3, 2011 (*See* Dkt. No. 102), an Order of which Amimon is fully aware.[3] This Protective Order specifies that parties and non-parties can designate information and items produced in this discovery as "Confidential", "Highly Confidential Outside Attorneys-Eyes Only" or "Highly Confidential-Source Code" (if source code is at issue). Indeed, Amimon will have greater protection under the Court's Protective Order since it limits review of the "Attorneys-Eyes Only"

---

[2] Kilopass has already informed Amimon that it will pay for the costs of the chips but would like to obtain the chips through the formal process of discovery since this is not a commercial transaction. (Khaliq Dec., Ex. 8).

[3] At the time the Kilopass Subpoena was served a copy of the Court's P.R. 2-2 Interim Model Protective Order was provided to Amimon which contains substantially the same provisions as the parties' Stipulated Protective Order (Dkt. No. 102). Counsel for Amimon (same counsel for Sidense who negotiated this PO) has a copy of the Stipulated Protective Order and is fully aware of its provisions and protections for third parties. This was brought to Amimon's attention on several occasions, including in the last letter sent to counsel on May 16, 2011. (Khaliq Decl, Ex. 10, 5/16/11 e-mail from Imran Khaliq to Robert Tadlock et al.).

designated materials by attorneys and experts and for the limited purpose of using the materials in the litigation.

## VI.     RELIEF REQUESTED

Accordingly, for the reasons stated herein, Kilopass respectfully requests that the Court order Amimon to produce documents and things in response to the Requests Nos. 1-18 as detailed in Kilopass' subpoena.  In the alternative, if the Court finds it appropriate to limit the scope of discovery with respect to Amimon, Kilopass requests that Amimon produce at least the Amimon chips with the accused Sidense OTP as well as the technical, marketing, and sales documents for the chips containing the Sidense OTP in addition to Requests Nos. 1, 13-15, 16-18, as previously offered to Amimon as a compromise position.

Kilopass further requests that the Court Order Amimon to pay Kilopass' reasonable costs and attorneys fees incurred in bringing this motion under Fed. R. Civ. P. 37 (a)(5), should the court grant the Motion to Compel because Amimon's non-disclosure and objections are not substantially justified.  *See Id.*

Dated:  May 19, 2011

Respectfully Submitted,
SNR Denton US LLP


By:   */s/ James M. Shin*
         James M. Shin
         Attorneys for Plaintiff
         KILOPASS TECHNOLOGY, INC.


*Under General Order No. 45 the filer of this document attests that concurrence in the filing of the document has been obtained from each of the signatories.*

**PROOF OF SERVICE**

I, Jocasta Wong, hereby declare:

I am employed in the City and County of Palo Alto, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is SNR Denton US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, California 94304.

On May 19, 2011, the following documents, described as:

1. **KILOPASS' NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 37 TO COMPEL AMIMON'S PRODUCTION IN RESPONSE TO KILOPASS SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION IN A CIVIL ACTION**

2. **DECLARATION OF IMRAN A. KHALIQ IN SUPPORT OF KILOPASS' MOTION PURSUANT TO FED. R. CIV. P. 37 TO COMPEL AMIMON'S PRODUCTION IN RESPONSE TO KILOPASS SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION IN A CIVIL ACTION AND EXHIBITS 1-10**

3. **[PROPOSED] ORDER GRANTING KILOPASS' NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. CIV. P. 37 TO COMPEL AMIMON'S PRODUCTION IN RESPONSE TO KILOPASS SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION IN A CIVIL ACTION**

were served via CM/ECF by the Clerk of the Court, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website, and by e-mail, upon the following parties:

**Roger Cook**
rcook@kilpatricktownsend.com
**Robert Tadlock**
rtadlock@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111

**Eric M. Hutchins**
ehutchins@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
379 Lytton Avenue
Palo Alto, CA 94301

**Attorneys for Defendants
Sidense Corporation and third party Amimon, Inc.**

**Jordan Trent Jones**
jtjones@jordanjonesiplaw.com
**LAW OFFICES OF JORDAN TRENT JONES**
100 Spear Street, 18th Floor
San Francisco, CA 94105

**Attorneys for Defendant
Sidense Corporation**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 19, 2011 at Palo Alto, California.

                                */s/ Jocasta Wong*
                                Jocasta Wong