**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC., | No. C 10-02066 SI |
| Plaintiff, | **ORDER RE: MOTION TO COMPEL RESPONSE TO SUBPOENA; MOTION FOR PROTECTIVE ORDER** |
| v. | |
| SIDENSE CORPORATION, | |
| Defendant. | |

Currently before the Court is plaintiff's motion to compel a response from nonparty Amimon Inc. to a subpoena, and defendant's letter brief motion for a protective order quashing subpoenas issued to forty-eight nonparty companies. Plaintiff's motion to compel is currently scheduled for hearing on June 24, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

Plaintiff Kilopass Technology, Inc., is a company that markets "a novel way of storing data permanently inside integrated circuits . . . by creating a breakdown in the transistor, safely and reliably," which plaintiff calls "embedded Non-Volatile Memory ('eNVM')." Second Am. Compl. ¶ 8 (Doc. 38). Plaintiff alleges that defendant Sidense Corporation "has knowingly copied Kilopass' patented technology and has been selling and offering for sale Kilopass' patented technology without authorization from Kilopass." *Id.* ¶ 18. In particular, plaintiff alleges that defendant infringed U.S. Patent Nos. 6,940,751 ("'751 patent"), 6,777,757 ("'757 patent"), and 6,856,540 ("'540 patent") "by

actively inducing its customers . . . to make or have made on its behalf, silicon devices . . . that contain the infringing Sidense 1T eNVM design, and then to import, sell, and offer to sell in the United States the silicon devices . . . though distributors and sales agents." *Id.* ¶¶ 17, 30, 36, 43. Plaintiff also alleges that defendant has been "sowing deceit in the marketplace" by "falsely alleg[ing] in the marketplace statements to the effect that Kilopass has no intellectual property issues with Sidense." *Id.* ¶ 24.

Plaintiff has issued subpoenas to forty-eight nonparty companies, all customers of defendant, seeking the production of things and documents. In particular, plaintiff has requested ten of the nonparty companies' chips containing what plaintiff calls "Sidense OTP [one time programmable]," the alleged infringing product or service. Subpoena, Mot. for Protective Order, Ex. A (Doc. 108) ("Subpoena"), at 6–7. Additionally, plaintiff has requested eighteen categories of documents. *Id.* at 7–8. According to plaintiff, thirteen customers have responded to the subpoena, and an additional ten have been granted extensions to respond. *See* Letter Br. Oppo. to Def. Mot. for Protective Order (Doc. 110), at 2. At least one customer—Amimon Inc.—has objected to the subpoena.

**LEGAL STANDARD**

**I.   Motion to compel**

Under Federal Rule of Civil Procedure 45(a)(1), any party may serve a subpoena commanding a nonparty "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." The subpoena is subject to the relevance requirements set forth in Fed. R. Civ. P. 26(b). *See* The Rutter Group, Federal Civil Procedure Before Trial 11-831 (1996). Thus, the subpoena may command the production of documents and tangible things which are "not privileged" and are "relevant to the subject matter," whether they would be "admissible at the trial" or "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).

Under Rule 45, a person commanded to produce documents may serve a written objection to the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B). After a written objection has been made, the party serving the subpoena may not have access to the requested documents absent a court order, but may at any time move for an order to compel document production. *Id.*; *see also* Fed. R. Civ. P. 37(a) (any party may upon "notice" request an order compelling discovery or disclosure).

1    Under Northern District Local Rule 37-2, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *See also* Fed. R. Civ. P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests courts should consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit). The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

## II.   Motion for protective order

Under Rule 26(c), a party may file a motion for a protective order, and the Court may "issue an order to protect a . . . person from . . . undue burden," including "forbidding the disclosure or discovery," "specifying the terms, including time and place, for the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

### I.   Motion to compel

Plaintiff has filed a motion to compel Amimon to produce certain things and documents in response to plaintiff's subpoena.

#### A.   Request 1: Chips

Plaintiff subpoenaed Amimon to produce ten chips "that have Sidense OTP in them." Amimon does not deny that it manufactures chips that meet this description, but rather argues that because the Sidense OTP is permanently disabled in its chips, the chips are irrelevant to this case. Amimon also

argues that plaintiff is already in possession of chips that it obtained commercially, and that production would be overly burdensome since the chip contains third party proprietary intellectual property unrelated to plaintiff's claim and Amimon would be required to notify third parties to obtain their permission, which is "unreasonable."

The chips employ the contested technology, whether or not the consumer is able to utilize it, and they are relevant. Plaintiff's ability to purchase obtain the chips commercially as components of a larger product assembled by another company does not make this request duplicative. Additionally, plaintiff has offered to pay for the chips, to accept only five rather than ten, and to subject the chips to the protective order that has been entered in this case. Plaintiff's request to pay Amimon for five chips that Amimon makes available on the commercial market imposes some burdens, as do all discovery requests, but it is not unduly burdensome. *See Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 319 (D. D.C. 1998).

The Court hereby ORDERS Amimon to produce five chips "that have Sidense OTP in them," subject to the protective order, within **twenty-five days of the date of this Order**. Plaintiff shall pay for the cost of the chips.

### B. Document Requests 2–13

Plaintiff subpoenaed Amimon to produce eleven categories of documents regarding Sidense OPT, devices containing Sidense OPT, and communications and fee arrangements between Amimon and defendant. Amimon objects that these requests are "extraordinarily broad and seek documents that Kilopass can more easily obtain from Sidense," some of which plaintiff actually has requested from defendant. Plaintiff now limits its request to documents referring to "Amimon's use and implementation of the accused Sidense OPT as well as financial information concerning the sales of any chips or products containing the accused Sidense technology." It argues that these documents are not in defendant's possession, and that the narrowed request is reasonable. It has also offered to pay for the reasonable costs of production. The Court finds the narrowed request is reasonable and ORDERS Amimon to produce all non-privileged documents that fall within plaintiff's narrowed request within **twenty-five days of the date of this Order**. Plaintiff shall pay for the reasonable costs of producing

4

these documents.

### C.  Document Requests 14–18

Although Amimon objected to and did not produce these five categories of documents until after plaintiff filed its motion to compel, it has now produced them. Plaintiff does not press its claim for these documents, and plaintiff's motion to compel the production of these documents is DENIED AS MOOT.

### D.  Costs and fees

Plaintiff has also requested that the Court order Amimon to pay for the costs and fees associated with plaintiff's motion to compel. The Court finds that fees are not justified in this case and DENIES plaintiff's request. *See* Fed. R. Civ. P. 37(a)(5)(C).

## II.  Motion for protective order

Defendant has filed a letter brief motion for the Court to enter a protective order preventing plaintiff from seeking documents responsive to twelve requests that it has made of forty-eight nonparty companies, all clients of defendant, until plaintiff has received and reviewed document production from defendant. Defendant argues that the requested documents "are equally available within Sidense's files," making plaintiff's request an undue burden on the third parties. Additionally, defendant argues that the subpoenas would require the third parties "to produce Sidense's most sensitive and closely guarded information," particularly its "GDS files," thereby circumventing the protective order that has already been entered in this case. Plaintiff argues that the requests are "narrowly directed to the [third parties'] use, implementation, marketing and sales of products incorporating the Sidense accused technology." Additionally, plaintiff agrees that if "the third parties do not designate the information confidential under the Protective Order [that already exists in this case], Kilopass will work with Sidense and respect the confidentiality designation that it seeks to maintain with respect to any Sidense information."

Document requests two through thirteen seek documents relating to Sidense OTP, including its architecture, structure, function, operation, theory of operation, and characteristics; documents showing

5

the design and development of Sidense OTP and devices containing Sidense OTP; documents relating to the research, testing, sales, marketing, and usage of Sidense OTP and devices containing Sidense OTP; documents relating to interactions and communications with Sidense; and any licenses, agreements, contracts, or assignments relating to defendant. *See* Subpoena at 7–8. While it is likely that some of these documents exist within defendant's files and will be produced during discovery, many of the requests are for documents related to the nonparty companies' products and nonparty companies' marketing of those products, or for other documents not in defendant's possession. The Court does not find that plaintiff's requests are duplicative or otherwise unduly burdensome.[1]

Additionally, plaintiff's agreement to work with defendant and abide by any of defendant's confidentiality designations means that defendant's interest are adequately protected by the current protective order. Defendant's motion is DENIED.[2]

**CONCLUSION**

For the foregoing reasons and for good cause shown, plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. (Doc. 106.) Defendant's motion for a protective order quashing plaintiff's subpoenas is DENIED. (Doc. 108.)

- Amimon is ORDERED to produce five chips "that have Sidense OTP in them," subject to the protective order, within **twenty-five days of the date of this Order**. Plaintiff shall pay for the cost of the chips.

- Amimon is ORDERED to produce all non-privileged documents that fall within

---

[1] This finding is based on the parties' letter briefs, and is made without prejudice to company-specific arguments regarding burden that may be made by nonparty companies objecting to plaintiff's subpoena.

[2] Plaintiff specifically agrees to work with defendant to make confidentiality designations "with respect to any Sidense information," including defendant's GDS files. Neither plaintiff nor the protective order defines "Sidense information." Plaintiff and defendant SHALL work together in good faith to determine what documents produced by nonparty companies should be designated for protection. The Court notes, however, that the protective order requires that the parties exercise restraint and care in designating material for protection. Stipulated Protective Order (Doc. 102). Additionally, the nonparty companies producing the documents will already have had the opportunity to designate the documents or parts of the documents for protection where their interests would be adversely impacted by broad disclosure.

6

plaintiff's narrowed request within **twenty-five days of the date of this Order**. Plaintiff shall pay for the reasonable costs of producing these documents.

• Plaintiff and defendant are ORDERED to work together in good faith to determine what documents produced by nonparty companies should be designated for protection.

**IT IS SO ORDERED.**

Dated: June 21, 2011

SUSAN ILLSTON
United States District Judge