IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KILOPASS TECHNOLOGY INC.,          No. C 10-02066 SI

         Plaintiff,          **ORDER RE: DISCOVERY**

   v.

SIDENSE CORPORATION,

         Defendant.
                              /

Plaintiff Kilopass Technology, Inc. ("Kilopass"), filed this action for patent infringement under Patent Laws of the United States, 35 U.S.C. § 100, *et seq.,* against defendant Sidense Corporation ("Sidense"). On November 17 and 23, 2011, the parties submitted letter briefs which present various discovery disputes to the Court. The issues will be addressed in turn.

**I.      Kilopass' Initial Response to Sidense's Contention Interrogatories 3-8**

In its first set of interrogatories and document requests, served on Kilopass on February 23, 2011, Sidense included a number of contention interrogatories. Doc. 170, Ex. A., 3-8. The interrogatories call for "all facts that support or rebut" Kilopass' claims for equitable and monetary relief for patent infringement (3-4) and "all facts that support or rebut" Kilopass' business tort causes of action (5-8). Kilopass responded on March 28, 2011, and supplemented its responses on June 27, 2011. Doc. 170, Exs. A and B. In its responses, Kilopass stated that it "will further produce relevant and non-

privileged business records pursuant to Fed. R. Civ. P. 33(d), to the extent that they exist."[1] *See, e.g.,* ex. A., 9:5-7. Sidense contends that Kilopass agreed to produce its Rule 33(d) responses by November 7, 2011, but has failed to do so. Kilopass argues that it informed Sidense's counsel they would only identify any relevant 33(d) documents after document products and discovery was complete, particularly since Sidense produced 2.2 million pages of documents between October 31st and November 22nd. Kilopass argues that it is Sidense's burden to show that it is entitled to responses to contention interrogatories before discovery is complete.

Judge Brazil, in *In re Convergent Technologies Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985), engaged in a comprehensive analysis of contention interrogatory requests. The court expressed skepticism about the quality of information that early responses to contention interrogatories are likely to contain, particularly before the responding party has had a chance to review produced documents. *Id.* at 338. Without resorting to a rigid rule that precludes entirely the early use of contention interrogatories, the court found that "the wisest course . . . is to place a burden of justification on a party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed . . . [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* at 339.

Sidense has not provided the Court with any justification to compel responses to its contention interrogatories before Kilopass has had the opportunity to review the voluminous document production in this case. Sidense's request, therefore, is DENIED.

---

[1] Federal Rule of Civil Procedure 33(d) describes an optional procedure for producing business records. It states that, "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
    (1) specifying the records that must be reviewed, in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could; and
    (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."

**II.    Kilopass' Responses to Sidense's Document Requests**

**A.    Document Request: "Invention Notebook" and 1-T**

Sidense's document request Nos. 5 and 6 relate to the conception and reduction to practice of the patents-in-suit. Sidense contends that Kilopass is in possession of an "invention notebook" of one alleged inventor of the patents, Jack Peng. Kilopass responds that Mr. Peng is no longer Kilopass' employee, and that it does not have possession of this notebook. Sidense's request is therefore DENIED. Sidense also requests that Kilopass produce documents related to the manufacturability of the technology in dispute, the 1-T memory cell, including any documents referencing tests that Kilopass conducted. According to Sidense, Kilopass has produced only a "handful" of documents referencing these efforts (Bates 00001-94). Kilopass argues that it has already searched for and produced the documents that it was able to find using Sidense's specifically requested and devised search terms. Sidense's request is therefore DENIED.

**B.    Document Request Nos. 3, 7, 24, 35, 37, 38, 39, 41**

Sidense requests that Kilopass produce all communications between it and any third party about Sidense or the patents-in-suit. It cites to document request Nos. 3, 7, 24, 35, 37, 39, and 41, though request Nos. 3 and 7 relate to Kilopass' organizational structure and the products embodying the patents, respectively. With respect to those requests, Kilopass states that it has produced the documents, and thus Sidense's request is DENIED.

With respect to the requests relating to communications between Kilopass and any third party about Sidense or the patents-in-suit, Sidense argues that Kilopass has not produced communications that occurred after the filing of the lawsuit in May 2010. Kilopass argues that it followed the terms of the parties' June 23, 2011 E-Discovery agreement; it conducted the search requested between March and April 2011, and provided 5,676 documents that contained the word "Sidense" and 5,774 documents that contain the word "patent." Kilopass argues that "Sidense has not shown why Kilopass should be burdened to conduct a new search for every single possible communication mentioning Sidense or why the Court should compel production in response to such overly broad and non-particularized requests when Sidense already has thousands of documents in its possession that include communications

3

between Kilopass and third parties mentioning Sidense or the patents in suit." Doc. 171, at 2.

The Court agrees with Kilopass; Sidense has not stated the relevance of a new search regarding communications mentioning Sidense since the search was run in April 2011. The Court DENIES Sidense's request without prejudice.

**IT IS SO ORDERED.**

Dated: December 13, 2011

SUSAN ILLSTON
United States District Judge