KILPATRICK TOWNSEND & STOCKTON LLP
ROGER L. COOK (State Bar No. 55208)
ROBERT D. TADLOCK (State Bar No. 238479)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: rcook@kilpatricktownsend.com
       rtadlock@kilpatricktownsend.com

ERIC M. HUTCHINS (State Bar No. 245462)
1080 Marsh Road
Menlo Park, CA 94025
Telephone:  (650) 326-2400
Facsimile:  (650) 326-2422
Email: ehutchins@kilpatricktownsend.com

LAW OFFICES OF JORDAN TRENT JONES
JORDAN TRENT JONES (State Bar No. 166600)
100 Spear Street, 18th Floor
San Francisco, CA 94105
Telephone:  (415) 357-8940
Facsimile:  (415) 371-0500
E-mail:  jtjones@JordanJonesIPLaw.com

Attorneys for Defendant
SIDENSE CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KILOPASS TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> SIDENSE CORP., <br><br> Defendant. | Case No. CV 10-02066 SI <br><br> **SIDENSE CORP.'S MOTION FOR RECONSIDERATION OF ORDER RE: CLAIM CONSTRUCTION DUE TO JUDICIAL ESTOPPEL** <br><br> Date: <br> Ctrm.:   10, 19th Floor <br> Judge:   Hon. Susan Illston |



**TABLE OF CONTENTS**

Page

I. STATEMENT OF FACTS ..................................................................................................2

    A. Kilopass Argues To This Court That Wordline And Bitline *Are* Interchangeable In Order To Cover The Accused Sidense Memory Design .........................................................................................................2

    B. Kilopass Argues To The PTO That Wordline And Bitline *Are Not* Interchangeable In Order To Avoid Invalidity In View Of The Prior Art. ..................................................................................................................4

II. JUDICIAL ESTOPPEL COUNSELS THIS COURT TO ADOPT SIDENSE'S PROPOSED CONSTRUCTIONS OF "WORDLINE"/"ROW WORDLINE" AND "BITLINE"/"COLUMN BITLINE" TO PROTECT THE INTEGRITY OF THE COURT FROM KILOPASS' CONTRADICTORY POSITIONS. ..............................................5

    A. Judicial Estoppel Applies To Cases Like This, Where Kilopass' Inconsistent Position Was Asserted In An Administrative Forum Such As The PTO. ....................................................5

    B. Kilopass' Argument To The PTO That The *Broadest Reasonable Construction Of Its Claims Is Not* Broad Enough To Include Gates Connected To Row Wordlines Is Irreconcilable With Its Argument To This Court That Its Claims *Do* Include Gates Connected To Row Wordlines. ...................6

    C. To Correct This Injustice, This Court Should Give "Wordline"/Row Wordline" And "Bitline"/Column Bitline" Sidense's Proposed Constructions, Which Accord With What Kilopass Told The PTO Was The *Broadest Reasonable Construction*. ..........................................................................................8

        1. The Court's Present Constructions Of "Wordline"/Row Wordline" And "Bitline"/Column Bitline" Are Improper Because Of Kilopass' Clear Disavowal Of Claim Scope During Reexamination. .......................................................8

        2. This Court should Adopt Sidense's Proposed Constructions Because They Reflect The Proper Scope Of The Claims In Light Of The Specification And Kilopass' Prosecution Disclaimer. ........................................9

III. CONCLUSION ................................................................................................................11



# TABLE OF AUTHORITIES

Page

**CASES**

*Computer Docking Station Corp. v. Dell, Inc.*,
  519 F.3d 1366 (Fed. Cir. 2008) .................................................................................. 8, 10, 11

*Edwards Lifesciences LLC v. Cook Inc.*,
  582 F.3d 1322 (Fed. Cir. 2009) ................................................................................................ 11

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
  535 U.S. 722 (2002) .................................................................................................................. 11

*In re American Acad. of Sci. Tech. Ctr.*,
  367 F.3d 1359 (Fed. Cir. 2004) .................................................................................................. 7

*Lampi Corp. v. American Power Prods.*,
  228 F.3d 1365 (Fed. Cir. 2000) .................................................................................................. 6

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996) ...................................... 6, 8

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
  303 F.3d 1294 (Fed. Cir. 2002) .................................................................................................. 5

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ......................................................................................................... 5, 7, 11

*Nystrom v. TREX Co., Inc.*,
  339 F.3d 1347 (Fed. Cir. 2003) .................................................................................................. 6

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co. Ltd.*,
  521 F.3d 1351 (Fed. Cir. 2008) .................................................................................................. 8

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc) ............................................................................. 9, 11

*Rissetto v. Plumbers and Steamfitters Local 343*,
  94 F.3d 597 (9th Cir. 1996) ..................................................................................................... 5, 6

*Russell v. Rolfs*,
  893 F.2d 1033 (9th Cir. 1990) .................................................................................................... 5

*Southwall Tech., Inc. v. Cardinal IG Co.*,
  54 F.3d 1570 (Fed.Cir.1995) ...................................................................................................... 9

*Spectrum Int'l, Inc. v. Sterilite Corp.*,
  164 F.3d 1372 (Fed. Cir. 1998) .................................................................................................. 8

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

*Vitronics Corp. v. Conceptronic, Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996) ............................................................................................. 8

*Wagner v. Prof'l Eng'rs in Cal. Gov't*,
   354 F.3d 1036 (9th Cir. 2004) .......................................................................................... 5, 7

**OTHER AUTHORITIES**

*Black's Law Dictionary* 832 (8th ed. 2004) ..................................................................... 6

Moore's Fed. Practice - Civil § 134.20 ........................................................................... 6

Manual of Patent Examining Procedure § 2111 .............................................................. 7



1   In this patent infringement case, Kilopass Technology, Inc. ("Kilopass") alleges that Sidense Corp. ("Sidense") infringes three of its patents relating to non-volatile one time programmable one transistor memory cells—the '757, '540, and '751 patents. The Court has issued its claim construction, interpreting several disputed terms. In a parallel process, Sidense filed petitions for reexamination of the three patents-in-suit with the United States Patent and Trademark Office ("PTO"), which has issued office actions invalidating all claims of the '757 and '540 patents. The PTO has issued a final office action finding all claims of the '751 patent valid, but has done so based on a claim interpretation position adopted by Kilopass that is directly contrary to an argument Kilopass successfully presented to this Court.

Kilopass has taken directly contrary positions on the meaning of the claim terms "wordline" and "bitline" before this Court and the PTO. Before this Court, Kilopass successfully argued that the two terms, which appear in all of the asserted claims, are interchangeable and have no distinction. As part of the reexamination of the '751 patent before the PTO, however, Kilopass adopted the exact opposite position, arguing that its patent is novel over cited prior art because the terms "wordline" and "bitline" have distinct meanings. There too, Kilopass was successful, with the patent examiner finding the '751 patent valid *based solely on the distinction between the definitions of "wordline" and "bitline."* But for the patent examiner's determination that "wordline" and "bitline" have distinct meanings, the PTO would have found the '751 patent invalid.

The Court cannot permit Kilopass to have it both ways, changing its tune based on the forum and the outcome it seeks. Moreover, permitting these parallel proceedings to continue with different definitions of the terms "wordline" and "bitline" risks reaching contrary results in each forum. Sidense therefore requests that the Court reconsider its constructions of the claim terms "wordline" and "bitline" and adopt Sidense's proposed constructions for those terms.



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL                                                                                           - 1 -
CASE NO. C10-02066 SI

## I.   STATEMENT OF FACTS

### A.   Kilopass Argues To This Court That Wordline And Bitline *Are* Interchangeable In Order To Cover The Accused Sidense Memory Design.

Kilopass filed this lawsuit alleging that Sidense infringes certain claims of three related patents: U.S. Patent Nos. 6,777,757; 6,856,540; and 6,940,751. (D.I. 38.) Every asserted claim requires "[a] programmable memory cell … wherein the second doped semiconductor region of the transistor is connected to one of said row wordlines…." Hutchins Decl., Ex. 1 at SID2216893 ('751 Patent, claim 1). In other words, Kilopass' claimed invention "has its **gate formed from the column bitline** and its **source [a doped semiconductor region] connected to the row wordline**." Hutchins Decl., Ex. 1 at SID2216864 ('751 Patent, Abstract (emphasis added) & Fig. 23).

*Kilopass' '751 Patent, Fig. 23 (cross-view of array)*



Sidense's accused products have the exact opposite configuration: Sidense connects a gate to a wordline and connects a "doped semiconductor region" (a source/drain) to a bitline. *E.g.*, Hutchins Decl., Ex. 2 (U.S. Patent No. 7,402,855, Fig. 4).



*Sidense's '855 Patent, Fig. 4 (cross-view of cell)*



Sidense's wordline configuration is present in many standard CMOS semiconductors, including the Tanaka prior art reference that Sidense has presented to the PTO. Hutchins Decl., Ex. 3 at SID2216898 (U.S. Patent No. 5,331,181, Figs. 1 & 2(b)).



*Tanaka, Fig. 1 (cross-view of cell)*      *Tanaka, Fig. 2(b) (top-down view of array showing wordlines connected to gates)*

Since Sidense has its wordline connected to a gate and not a doped semiconductor region, Kilopass argued to this Court that the meanings of wordlines and bitlines are interchangeable. Kilopass proposed that wordline and row wordline be given a construction identical to bitline and column bitline: "a line that connects to one terminal of each memory cell in a memory." (D.I. 113 at 5–6.) Kilopass argued that its identical constructions of these terms were proper because "one of ordinary skill in the art would understand that the current flows can be detected in both the bitline and the wordline, again showing the interchangeability of the two, and with the naming of 'bitline' or 'wordline' being simply a matter of perspective." (D.I. 113 at 6 (emphasis added).) Kilopass acknowledged, in its briefing and at the claim construction hearing, that wordlines and bitlines are orthogonal, *i.e.*, the same circuit line in a given device cannot simultaneously be both the wordline and the bitline. (D.I. 147 at 9.) The Court accounted for the orthogonal nature of wordlines and bitlines, but nonetheless issued constructions for these terms—"a line orthogonal to [the other] that connects to a terminal of each memory cell in a memory array" (D.I. 147 at 9.) — that render them interchangeable. As stated above, because the Sidense cell is configured with the opposite wordline/bitline configuration, Kilopass has benefited from its argument that wordlines and

bitlines are interchangeable because it preserves its infringement allegation against Sidense's opposite configuration.

### B. Kilopass Argues To The PTO That Wordline And Bitline *Are Not* Interchangeable In Order To Avoid Invalidity In View Of The Prior Art.

Sidense filed requests for *inter partes* reexamination of Kilopass' three patents-in-suit with the United States Patent & Trademark Office. The PTO found substantial new questions of patentability, granted those requests, and issued rejections of all of the asserted claims of Kilopass' '757 and '540 patents. *E.g.*, Hutchins Decl., Exs. 4 & 5. In its reexamination of the '751 patent, the examiner held the claims patentable over the prior art because connecting a "row wordline" to the "doped semiconductor region" was distinct from connecting a bitline to the doped semiconductor region, *i.e.*, the "wordline" and "bitline" were not interchangeable. Hutchins Decl., Ex. 6 at SID2217569–7571. This was the sole distinction between the '751 patent and the prior art and, but for this distinction, to which Kilopass has subscribed, the '751 patent claims would have been found invalid. Kilopass explicitly adopted and argued this position when, in its January 6, 2012, brief to the PTO's Board of Patent Appeals and Interferences ("BPAI), it relied on the difference between wordlines and bitlines to preserve the novelty of its claims over the Tanaka prior art patent. Kilopass argued to the PTO that the '751 patent is novel because "Tanaka does not show a gate formed from a column bit line … [it shows] **gates** of the transistors are **coupled to row wordlines**." Hutchins Decl., Ex. 7 at pp. 6–8 (emphasis added). Kilopass is benefitting from this position since the examiner has used this claim construction to find its patent claims valid over Tanaka and other prior art, and that ruling has now been taken up on appeal. Hutchins Decl., Ex. 6 at SID2217569–7571. Kilopass has thus taken irreconcilably inconsistent positions before the PTO to preserve the validity of its asserted claims and before this Court to argue infringement, and those positions are now prevailing in each tribunal.

II. **JUDICIAL ESTOPPEL COUNSELS THIS COURT TO ADOPT SIDENSE'S PROPOSED CONSTRUCTIONS OF "WORDLINE"/"ROW WORDLINE" AND "BITLINE"/"COLUMN BITLINE" TO PROTECT THE INTEGRITY OF THE COURT FROM KILOPASS' CONTRADICTORY POSITIONS.**

   A. **Judicial Estoppel Applies To Cases Like This, Where Kilopass' Inconsistent Position Was Asserted In An Administrative Forum Such As The PTO.**

In a patent case, whether judicial estoppel applies is a matter of regional circuit law. *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1302 (Fed. Cir. 2002). "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). It "is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation marks omitted)). Because it is intended to protect the integrity of the judicial process, judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell*, 893 F.2d at 1037.

The United States Supreme Court, in *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001), identified three nonexclusive factors that "typically inform the decision whether to apply the doctrine [of judicial estoppel] in a particular case":

> First, a party's later position must be "clearly inconsistent" with its earlier position….
>
> Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled."…
>
> A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750. The Supreme Court held, however, that these three factors "do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *Id.*



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL
CASE NO. C10-02066 SI

- 5 -

1  The Ninth Circuit has applied judicial estoppel to inconsistent statements made during
2  administrative hearings and noted that "we are not aware of any case refusing to apply the doctrine
3  because the prior proceeding was administrative rather than judicial." *Rissetto v. Plumbers and*
4  *Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996); *see also Lampi Corp. v. American Power*
5  *Prods.*, 228 F.3d 1365, 1377 (Fed. Cir. 2000) (judicial estoppel generally "applies to
6  administrative proceedings in which a party obtains a favorable order by making an argument that
7  it seeks to repudiate in a subsequent judicial proceeding"); 18-134 Moore's Fed. Practice – Civil
8  § 134.20 ("[Judicial estoppel] applies broadly to legal proceedings before a variety of tribunals,
9  including cases in which the prior inconsistent position was asserted in an administrative forum.").

Claim construction is a question of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996). "Determinations of claim construction [by a district court are] an interlocutory matter." *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (disapproving of interlocutory appeal of claim construction as "piecemeal litigation" that is "strictly precluded by the rule of finality"). By definition, "interlocutory" orders are "interim or temporary, not constituting a final resolution." *Black's Law Dictionary* 832 (8th ed. 2004). Sidense, by this motion, has asked this Court to reconsider its interlocutory claim constructions of the terms "wordline"/"row wordline" and "bitline"/"column bitline" and this Court should exercise its discretion under the doctrine of judicial estoppel to reject any opposition to this motion from Kilopass based on a position inconsistent with the prevailing interpretation in the '751 reexamination, to which Kilopasss has subscribed on appeal.

**B.     Kilopass' Argument To The PTO That The *Broadest Reasonable Construction Of Its Claims Is Not* Broad Enough To Include Gates Connected To Row Wordlines Is Irreconcilable With Its Argument To This Court That Its Claims *Do* Include Gates Connected To Row Wordlines.**

Kilopass explicitly argued in its January 6, 2012, brief to the PTO that its claims are patentable over the Tanaka prior art patent because "Tanaka does not show a gate formed from a column bit line … [it shows] **gates** of the transistors are **coupled to row wordlines**." Hutchins Decl., Ex. 7 at pp. 6–8 (emphasis added). During reexamination, the PTO is required to give patent



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL                                                    - 6 -
CASE NO. C10-02066 SI

claims their "*broadest reasonable interpretation* consistent with the specification." Manual of Patent Examining Procedure § 2111 (emphasis added); *In re American Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364 (Fed. Cir. 2004). Kilopass has therefore argued to the PTO that the *broadest reasonable construction* of its claims does not cover wordlines connected to gates. Nor do its claims cover, for the same reason, bitlines connected to doped semiconductor regions. This is the exact opposite of what Kilopass argued to this Court when it said that wordlines and bitlines were interchangeable because "one of ordinary skill in the art would understand that … the naming of 'bitline' or 'wordline' [is] simply a matter of perspective." (D.I. 113 at 6.) Kilopass' infringement theory required it to argue that wordlines and bitlines are interchangeable during claim construction because Sidense, like Tanaka, has its wordline connected to a gate and not a doped semiconductor region.

The Court's interchangeable constructions of "wordline"/row wordline" and "bitline"/column bitline" as "a line orthogonal to [the other] that connects to a terminal of each memory cell in a memory array" permit Kilopass to argue, as it is arguing, that its claimed wordline connected to a doped semiconductor region covers Sidense's bitline connected to a doped semiconductor region. This is because Sidense's wordline, although connected to a gate rather than a doped semiconductor region, is "orthogonal" to Sidense's bitline under the Court's existing constructions. These constructions are irreconcilable with the *broadest reasonable interpretation* that Kilopass argued to the PTO, and they unduly benefit Kilopass by preserving its contrived infringement allegations against Sidense. Kilopass is "'playing fast and loose with the courts.'" *Wagner*, 354 F.3d at 1044. Continued "acceptance of [Kilopass'] inconsistent position" will "create 'the perception that [the] court was misled.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In order to prevent Kilopass from "deriv[ing] unfair advantage" and "impos[ing] an unfair detriment on" Sidense, this Court should adopt Sidense's proposed constructions of these case-dispositive claim terms. *Id.*

### C. To Correct This Injustice, This Court Should Give "Wordline"/"Row Wordline" And "Bitline"/"Column Bitline" Sidense's Proposed Constructions, Which Accord With What Kilopass Told The PTO Was The *Broadest Reasonable Construction*.

This Court has the authority to revise its constructions of "wordline"/"row wordline" and "bitline"/"column bitline." Claim construction is a question of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996). "When parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co. Ltd.*, 521 F.3d 1351, 1360–61 (Fed. Cir. 2008) (*citing Markman*, 52 F.2d at 979). It is thus within this Court's power to revise its claim construction in view of Kilopass' irreconcilably contrary position argued to the PTO.

#### 1. The Court's Present Constructions Of "Wordline"/"Row Wordline" And "Bitline"/"Column Bitline" Are Improper Because Of Kilopass' Clear Disavowal Of Claim Scope During Reexamination.

The doctrine of prosecution disclaimer holds that "a patentee may limit the meaning of a claim term by making a clear and unmistakable disavowal of scope during prosecution… for example, by clearly characterizing the invention in a way to try to overcome rejections based on prior art." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1374 (Fed. Cir. 2008) (internal citations omitted). The doctrine "applies with equal force to arguments made by a patentee to sustain the patentability of claims during reexamination," *Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1379 (Fed. Cir. 1998), and the "public has a right to rely on such definitive statements made during prosecution." *Id.* at 1378.

Kilopass explicitly and clearly disavowed a claim scope that would cover Sidense's wordline connected to a gate when it argued to the PTO in the '751 reexamination that its claims were patentable because the "Tanaka [prior art] does not show a gate formed from a column bit line … [it shows] **gates** of the transistors are **coupled to row wordlines**." Hutchins Decl., Ex. 7 at pp. 6–8 (emphasis added). Kilopass' reexamination "prosecution history limits the interpretation of" wordline, row wordline, bitline, and column bitline "so as to exclude any interpretation that was disclaimed during prosecution." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL                                                                                            - 8 -
CASE NO. C10-02066 SI

(Fed. Cir. 1996) (*quoting Southwall Tech., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed.Cir.1995)). Kilopass' argument to the PTO "inform[s] the meaning of the claim language by demonstrating how the inventor understood the invention" and how "**the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.**" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc) (emphasis added). Because Kilopass has now told the PTO that the inventors understood the invention as not covering "gates of the transistors … coupled to row wordlines," the Court's present claim construction, which captures row wordlines coupled to transistor gates, conflicts with the intrinsic evidence and should be narrowed.

**2.      This Court should Adopt Sidense's Proposed Constructions Because They Reflect The Proper Scope Of The Claims In Light Of The Specification And Kilopass' Prosecution Disclaimer.**

Sidense asks this Court to adopt its proposed constructions for these terms:

> "Wordline"/Row Wordline": The line connected to the memory cell, which is selected by the row addresses.
>
> "Bitline"/Column Bitline": The line that connects the memory cell to the sensing circuit during the read operation.

(D.I. 122 at p. 4–10.) In its August 31, 2011, claim construction order, this Court correctly noted that Sidense's proposed constructions "do not merely relate to where the wordlines and bitlines are connected to each memory cell, but more specifically places them within an external structure and operating procedure." (D.I. 147 p. 9 lns. 7–8.) Sidense proposed these constructions because, as this Court observed, Sidense asserts that Kilopass' patents-in-suit are properly "limited to memory cells where the bitline is connected to the gate and the wordline is connected to the source." (D.I. 147 p. 9 lns. 5–6.) This Court disagreed with these constructions at the time because Sidense "is contended to have infringed claims regarding the internal workings of memory cells and the memory arrays containing such cells, not external structures and operating procedures." (D.I. 147 p. 9 lns. 8–10.) The Court's reluctance during last August's claim construction to define the internal "wordline"/"row wordline" and "bitline"/"column bitline" memory cell structures in relation to structures in the memory device that are external to the memory cell, such as the

"sensing circuit," is understandable, but it is now clearly incorrect because, as explained above, Kilopass has explicitly disavowed the Court's broad claim scope to overcome the Tanaka prior art.

Moreover, Sidense's use of the term "sensing circuit" to define "bitline"/"column bitline" is **not** "highly technical," "nowhere defined" or "at most, tangentially related" (D.I. 147 p. 9 n.5) because "the person of ordinary skill is deemed to read the claim terms in the context of the entire patent, including the specification and prosecution history." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1373–74 (Fed. Cir. 2008) (*citing Phillips*, 415 F.3d at 1317). A person of ordinary skill in the art would recognize, without even going into technical details, that each cell in the claimed memory array needs to be sensed in order to be useful to identify the data—the ones or zeroes—stored therein. Sidense's reference to the "sensing circuit" in its proposed constructions is further supported by how Kilopass' inventors define "bitline" in the specification: "[b]y detecting the current on the **bitline**, it can be determined whether the memory cell 102 is programmed." ('751, Col. 8:63–67; '757, Col. 8:8–10; and '540, Col. 8:15–19.) The inventors have thus defined the bitline as the type of array line used to detect current to determine the programming state of the cell. The specification thus supports a construction of the bitline and wordline terms narrower than merely stating the bitline and wordline are orthogonal as the Court has defined them. This definition of "bitline" in the specification is confirmed by Kilopass' argument to the PTO during reexamination that its claims do not cover "**gates** of the transistors … **coupled to row wordlines**" since Kilopass' patent specification identifies the bitline as the type of array line that connects the gate to the sensing circuit to detect programming.

A person of ordinary skill in the art, reading the specification and the prosecution file history, including Kilopass' argument in the reexamination file history, would understand that, in Kilopass' claimed invention, the bitline—not the wordline—must connect the gate to the circuits that are capable of performing the detection function supported by the patent, namely "sensing circuits" as would be understood by those skilled in the art—a claim scope that is fully consistent with Sidense's proposed constructions. In contrast, detecting the current on the wordline, as the Court's present construction allows, directly contradicts "how the inventor understood the invention" based on the specification and how "the inventor limited the invention in the course of

1  prosecution, making the claim scope narrower than it would otherwise be." *Phillips*, 415 F.3d at
2  1317. Sidense's proposed constructions of "bitline" and "column bitline" as "the line that connects
3  the memory cell to the sensing circuit during the read operation" and "wordline" and "row
4  wordline" as "the line connected to the memory cell, which is selected by the row addresses" thus
5  best reflect the intrinsic evidence in the specification and Kilopass' arguments to the PTO during
6  reexamination, and this Court should adopt them.

7        The Court should adopt Sidense's proposed construction because "[c]laims should not be
8  construed 'one way in order to obtain their allowance and in a different way against accused
9  infringers.'" *Computer Docking Station*, 519 F.3d at 1375 (internal citations omitted). The Court's
10 adoption of Sidense's proposed constructions would promote the interests of justice because it
11 would both avoid "the perception that [this] court was misled," *New Hampshire*, 532 U.S. at 750,
12 and also would greatly clarify the issues for trial because there is no genuine factual dispute
13 regarding Sidense's accused memory design: Under Sidense's proposed constructions, summary
14 judgment of noninfringement would be proper (and Sidense would so move) because Sidense's
15 gate-to-wordline design neither literally infringes Kilopass' doped-semiconductor-region-to-
16 wordline claim limitation nor infringes by equivalents because the doctrine of equivalents cannot
17 apply to claim scope disavowed during prosecution. *Edwards Lifesciences LLC v. Cook Inc.*, 582
18 F.3d 1322, 1336 (Fed. Cir. 2009); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S.
19 722, 733 (2002). Failure to reconsider these crucial claim terms would allow Kilopass to "derive
20 an unfair advantage" from this Court's present constructions. *New Hampshire*, 532 U.S. at 750.

21 **III.    CONCLUSION**

22       Kilopass cannot argue to the PTO that its patents are valid over the prior art because
23 wordlines and bitlines are distinctly different and then turn around and argue in Court that Sidense
24 infringes those same patents because wordlines and bitlines are interchangeable. The principle of
25 judicial estoppel was created to prevent exactly this kind of manipulation. To let Kilopass have it
26 both ways would make a mockery of the judicial process. A patent owner should not be permitted
27 to assert a claim interpretation in Court which it has disavowed in the PTO. Sidense respectfully
28



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL                                                              - 11 -
CASE NO. C10-02066 SI

1  requests that this Court reconsider its claim construction of "wordline"/"row wordline" and
2  "bitline"/"column bitline" and adopt Sidense's proposed constructions of these terms.
3
4  DATED: March 23, 2012          Respectfully submitted,
5                                 KILPATRICK TOWNSEND & STOCKTON LLP
6
7                                 By:  */s/ Roger L. Cook*
                                       ROGER L. COOK
8                                 Attorneys for Defendant
                                  SIDENSE CORP.
9
10
11  64056561 v1
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SIDENSE MOTION FOR RECONSIDERATION OF ORDER RE CLAIM CONSTRUCTION
DUE TO JUDICIAL ESTOPPEL                                               - 12 -
CASE NO. C10-02066 SI