IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC., | No. C 10-02066 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO AMEND INVALIDITY CONTENTIONS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| SIDENSE CORPORATION, | |
| Defendant.      / | |

Defendant moved for leave to amend its invalidity contentions. The motion is scheduled for hearing on May 25, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for disposition without oral argument and therefore VACATES the hearing. For the reasons below, the Court hereby GRANTS defendant's motion to amend its invalidity contentions.

Plaintiff moved for leave to file a Motion for Reconsideration of this Court's May 1, 2012 Order regarding Claim Scope Disavowal. That motion is DENIED.

**BACKGROUND**

Plaintiff Kilopass Technology, Inc. ("Kilopass"), filed this action for patent infringement under Patent Laws of the United States, 35 U.S.C. § 100, *et seq.,* against defendant Sidense Corporation ("Sidense"). The three patents at issue involve "a novel way of storing data permanently inside integrated circuits by creating a breakdown in the transistor, safely and reliably, now referred to as embedded Non-Volatile Memory." Second Amend. Compl. ("SAC") ¶ 8. Sidense served its first set of discovery requests and its invalidity contentions on Kilopass on February 28, 2011.

Sidense now seeks to amend its invalidity contentions on the grounds that its expert, Dr. William

Gosney, Jr., recently identified "additional combinations of previously disclosed prior art references upon detailed examination of the prior art references during his work in preparation of his expert report in the matter [the 'Gosney Report']." Def.'s Mot. to Amend at 2. The Gosney Report, which discusses these new combinations, was served on Kilopass on April 13, 2012. One week later, Sidense filed the instant motion. Kilopass opposes amendment, and argues that the proposed amendments present new theories of invalidity that will prejudice them at this late stage in the litigation, particularly because it has already prepared defenses and rebuttals to Sidense's original Invalidity Contentions. Pl.'s Opp. at 1. Kilopass does not disagree that the proposed amendments are based on previously disclosed and charted prior art references, but argues that the amendments nonetheless "substantially depart" from Sidense's original invalidity theories on anticipation and obviousness. Kilopass notes that fact discovery closed on December 19, 2011, though expert discovery does not close until June 29, 2012.

## LEGAL STANDARD

The Patent Local Rules provide, in relevant part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6. "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc*., 2007 WL 1454259, \*2-3 (N.D. Cal. May 17, 2007).

In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim

1 construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation
2 omitted). The patent local rules were "designed to require parties to crystallize their theories of the case
3 early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467
4 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d
5 1121, 1123 (N.D. Cal. 2006)).

## DISCUSSION

### I. Sidense's Motion for Leave to Amend Its Invalidity Contentions

The heart of this dispute is over the novelty of the proposed amended invalidity contentions. Kilopass states that "in principle, Kilopass was not opposed to amending the contentions if Sidense was proposing modest changes to simply conform the amended contentions to the expert report. Kilopass is opposed to the amendments since they substantially alter the invalidity theories and combinations that Sidense" previously set forth. Def.'s Opp. at 3. Kilopass does not dispute that the amended claims are based on previously disclosed and charted prior art references, but states the amendments seek to add "7 new theories of prior art combinations against the '757 patent, 12 new theories for anticipation and obviousness for the '751 patent while dropping a large majority of its previous theories, and for the '540 patent, Sidense has set forth 12 new theories of invalidity, including new combinations under section 103 not previously identified before." *Id.* at 3. Sidense disputes that its amendments "substantially depart" from the original contentions, and argues that the amended contentions simplify and reduce the number of issues. "For example, in addition to reducing the number of prior art references (from 14 to 10), they substantially reduce the number of prior art combinations (from 31 to 21), and vastly simplify those prior art combinations (from 96 to 41) . . . By the same token, of the 21 prior art combinations asserted in the amended contentions, all but six of those combinations were asserted in the original contentions and those six differ from the other combinations only by common inclusion of the Orgura reference . . ." Def.'s Reply at 3 (citing Hutchins Suppl. Decl. ¶ 9).

In *Oracle America, Inc. v. Google, Inc.*, 2011 WL 3443835 (N.D. Cal. Aug. 8, 2011), Judge Alsup recently faced a similar situation where defendant Google sought to amend invalidity contentions after fact discovery had closed. The proposed amended invalidity contentions included (1) new,

3

previously uncharted references, (2) claim charts based on reference that was disclosed only in a 22-page list of more than 500 additional references for which no claim charts were provided, (3) claim charts based on four references that were submitted during reexamination of the patents-in-suit but not in the invalidity contentions, and (4) three charts based on prior art references Google identified and charted individually in the original invalidity contentions. *Id.* at *2-5. Judge Alsup denied amendment for all categories *except* the last one; with respect to those, "the new charts do not contain new material but rather reorganize components of claim charts that were disclosed" in Google's original contentions, and, therefore, amendment was permissible. *Id.* at *5. In *Chemfree Corporation v. J. Walter, Inc.*, 2008 WL 4845129, *4 (N.D. Ga. Aug. 27, 2008), the court granted-in-part and denied-in-part amendment where, like here, defendant's expert discovered potential new defenses based on his review of the patents-in-suit after fact discovery had closed. As in *Oracle*, the court denied amendment where the new contentions would include references cited for the first time, but granted amendment of contentions based on references previously cited. *Id.* at *4-5.

Here, Sidense seeks only to revise its claim charts to provide invalidity contentions based on previously disclosed and charted prior art references. While some of the combinations are new, the Court finds that they do not "substantially depart" from the original contentions. The new charts reduce the number of prior art references and the number of prior art combinations asserted. Moreover, Sidense has acted with sufficient diligence in seeking amendment soon after its expert discovered the new defenses. *See Chemfree*, 2008 WL 4845129 at *4 ("Because Defendants did not learn of the enablement defense until [defendants'] expert report, and because they sought to amend their invalidity contentions shortly thereafter, defendant's motion to amend is granted . . ."). Sidense's motion for leave to amend its invalidity contentions is GRANTED.

**II. Kilopass' Motion for Leave to File Motion for Reconsideration of Court's Order on Claim Scope Disavowal Pursuant to Civ. L.R. 7-9**

Kilopass has filed a Motion for Leave to File Motion for Reconsideration of this Court's May 1, 2012 Order, which found that Kilopass disavowed coverage of claims where the gates of transistors are coupled to row wordlines. *See* Dkt. 224. In that Order, the Court noted that Kilopass had argued

4

before this Court during claim construction that "wordlines" and "bitlines" were interchangeable, and that the Court had largely agreed with Kilopass in it Claim Construction Order, though the Court found that the lines must be orthogonal. *See* Aug. 31, 2011 Claim Const. Order at 8. Following that Order, Kilopass took the exact opposite position in overcoming prior art before the PTO Board of Appeals and Interferences (the "BPAI"), stating that, "[w]ith respect to claims 5 and 11, [Kilopass] agrees with the Examiner that Tanaka does not show a gate formed from a column bit line. As can been seen [sic] in Figure 2(b) of Tanaka, the gates of the transistors are coupled to row wordlines. Therefore claims 5 and 11 are not anticipated by Tanaka." *Id.* at 7 (citing Hutchins Decl., Ex. 6 at 8 (Kilopass's Jan. 6, 2012 BPAI Brief)). The Court found that in making this argument, Kilopass had made a clear and unmistakable disavowal of scope regarding claims showing gates formed from column bit lines. *Id.* at 8; see *Spectrum Intern., Inc. v. Sterilite Corp.,* 164 F.3d 1372, 1379 (Fed. Cir. 1998) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers.").

Kilopass seeks reconsideration based on a filing it made with the USPTO following the Court's May 1, 2012 Order. The day after the Court issued its Order on claim scope disavowal, Kilopass filed a document with the USPTO entitled "Submission Under 37 C.F.R. § 1.985(A) Concerning Ongoing Litigation Activity and Supplement to the Respondent's Brief to Correct an Error Made Without Deceptive Intent." *See* Pl.'s Mot. for Leave to File., Ex. 1. In that submission, Kilopass informed the USPTO that it made an error in its statement agreeing with the PTO Examiner, and provided other reasons as to why Tanaka does not anticipate its patent. *Id.*

Civil Local Rule 7-9 allows a party to seek reconsideration where it can show, *inter alia*, "the emergence of a new material fact . . . occurring after the time of such order . . ." L.R. 7-9(b)(2). The Court finds that the rule does not apply where the "new material fact" is merely a party's attempt to undo a strategic position for which it has been penalized. It was in Kilopass's interest to argue that wordlines are different from bitlines in its BPAI brief; however, after that position damaged its case in this Court, Kilopass sought to reverse its position before the BPAI. Moreover, Kilopass vigorously opposed Sidense's motion for estoppel and claim disavowal that brought Kilopass' incongruous position to the attention of the Court. Nowhere in its opposition did Kilopass suggest that it made a mistake in

5

1 the BPAI brief. *See* Kilopass's Opp. to Sidense's Mot. for Recon., Dkt. 207. Instead, Kilopass argued
2 that its "position at the PTO was fully consistent with its earlier position" and that it "did not persuade
3 the Court to adopt a claim construction position that would create a risk of inconsistent judicial rulings."
4 *Id.* at 6-9. Only after the Court found that Kilopass adopted inconsistent positions and disavowed claim
5 scope, did Kilopass re-characterize its BPAI position as error and file a submission with the USPTO to
6 "correct an error made without deceptive intent." *See* dkt. 228-7. This type of gamesmanship is not the
7 purpose for which Civil Local Rule 7-9 allows for reconsideration.

8 To briefly address the merits of Kilopass's motion, Kilopass argues that Sidense merely
9 relabeled Kilopass's "bitlines" as "wordlines," and that it "concocted" the argument that there is a
10 difference in order to "ignore the intrinsic evidence and . . . escape infringement." Kilopass' Reply ISO
11 Mot. for Leave to File at 3. While the Court did not agree with Sidense's construction of the terms at
12 the claim construction hearing, the argument that there is a difference between the two is not simply a
13 position "concocted" by Sidense; it is the position taken by the USPTO and the position Kilopass later
14 agreed with. *See* Khaliq Decl., Ex. B, at 6 (Feb. 11., 2011 USPTO Action Closing Prosecution)
15 ("Furthermore, as evidenced by US-PG PUB 2006/0104108 (See Paragraph 5-7), it [is] well known to
16 one of ordinary skill in the art at the time of the invention that the bitlines and wordlines have a distinct
17 functional effect on the operation of memory devices and thus are not interchangeable."); Hutchins
18 Decl, Ex. 6 at 8 (Kilopass's Jan. 6, 2012 BPAI Brief) ("With respect to claims 5 and 11, [Kilopass]
19 agrees with the Examiner that Tanaka does not show a gate formed from a column bitline. As can been
20 seen [sic] in Figure 2(b) of Tanaka, the gates of the transistors are coupled to row wordlines. Therefore
21 claims 5 and 11 are not anticipated by Tanaka."). To the extent that Kilopass now argues that "the
22 Examiner's reasons for allowing the '751 Patent over the Tanaka reference were based on estopping
23 Sidense from arguing that the terms are interchangeable, not based on a meaningful technical distinction
24 between the wordline and bitline structures," *see* Kilopass' Reply ISO Mot. for Leave at 4, Kilopass is
25 wrong. The USPTO Examiner clearly states that its position is "well known," and is "evidenced by US-
26 PG PUB 2006/0104108," a patent application that bears no relation to Sidense or estoppel. *See* U.S.
27 Patent App. Pub. 2006/0104108, Semiconductor Integrated Circuit Device and Meth. of Manufacturing
28 the Same, Satoshi Inaba (Pub. Date. May 18, 2006). At this point, Sidense, Kilopass, and the USPTO

have stated that there is a meaningful difference between bitlines and wordlines.

The Court DENIES Kilopass' motion for leave to file motion for reconsideration.

## CONCLUSION

The Court GRANTS Sidense's motion for leave to amend its invalidity contentions with the revised claim charts attached as Hutchins Decl., Ex. 2. The Court DENIES Kilopass's motion for leave to file motion for reconsideration.

**IT IS SO ORDERED.**

Dated: May 24, 2012

SUSAN ILLSTON
United States District Judge

7