IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., | No. C 10-02066 SI |
| Plaintiff, | No. C 11-04112 SI |
| v. | **ORDER REGARDING MOTIONS IN LIMINE** |
| SIDENSE CORPORATION, | |
| Defendant. | |

On September 25, 2012, this case was scheduled for a final pretrial conference, for the jury trial set to begin October 9, 2012. All parties were represented by counsel. The pretrial conference was held in part and the balance has been continued to October 2, 2012 at 10:00 a.m..

The Court previously granted Sidense's motion for summary judgment in C 10-2066, resolving Kilopass' patent infringement claims against Sidense. In addition, about a week prior to the pretrial conference, Sidense voluntarily dismissed its California tort claims against Kilopass in C 11-4112. Thus, the October 9, 2012 jury trial now concerns only three remaining causes of action by Kilopass against Sidense in C 10-2066: a Lanham Act/false advertising claim; an intentional interference with prospective economic advantage claim under California law; and an unfair competition claim under California law.

The Court held a hearing on Sidense's motions in limine at the September 25, 2012 pretrial conference. At the hearing, the parties stipulated that several of Kilopass' motions in limine are moot because of Sidense's recent dismissal of its business tort claims against Kilopass. *Sidense v. Kilopass*, Case No. 3-11-cv-04112, Dkts.115, 116.

The Court makes the following rulings on various of the motions. The parties are directed to

meet and confer prior to resuming the pretrial conference on October 2, 2012, to consider what, if anything, remains to be presented to a jury in this case.

.

## 1. Motion in Limine #1

The Court GRANTS Sidense's Motion in Limine #1 (Dkt. 289) and hereby excludes any evidence that Sidense's patents do not cover its own technology, and in particular, excludes evidence regarding prosecution of Sidense's '855 patent.

The crux of Kilopass' false advertising claim is that Sidense falsely claimed that its own technology was covered by its own patents. Its Lanham Act/false advertisement allegation is that "Sidense has distributed into interstate commerce false and/or misleading statements . . . that falsely portray its products with the intent to materially affect the buying decisions of prospective customers. For example, Sidense has described in such advertisements that its so-called '1T-Fuse™ Logic NVM IP' is patented." Third Am. Compl. ("TAC") ¶ 63. Relatedly, Kilopass alleges that "Sidense has been sowing deceit in the marketplace. For example, knowing fully of Kilopass' patent rights, Sidense has falsely alleged in the marketplace statements to the effect that Kilopass has no intellectual property issues with Sidense . . . The intent behind this deceitful conduct is to create an impression that Kilopass authorizes Sidense's illegal products." TAC ¶ 24. With respect to the intentional interference with prospective economic advantage, Kilopass' core allegation is that "Sidense has interfered with the business relationships of Kilopass by making false and misleading statements to Kilopass' customers, partners, and prospective customers and partners . . ." TAC ¶ 60. On the unfair competition claim, similarly, Kilopass' core allegation is that Sidense made "deceptive statements and advertisements" and induced Kilopass customers, partners, and prospective customers with "false statements and advertisements." TAC ¶ 68.

The gravamen of all three claims, and the only concrete "falsity" specified in the TAC, is that Sidense has falsely represented that Sidense's patents cover Sidense's products. *See* Maheshwari Decl., Ex. 6: Sidense's website states "Sidense's patented 1T-Fuse™ Logic NVM IP"; then lists 40+ patents in Sidense patent portfolio. The foundation of all three of Kilopass' tort claims is that Sidense "do[es]n't have a patent on that . . . product." Hearing Tr. 11:20.

2

None of Sidense's patents has been the subject of this litigation. There has been no claim analysis or construction concerning any of Sidense's patents. Rather, the case has centered on Kilopass' patents and whether or not Kilopass infringed them. Now, to prove what is essentially a negative – that none of Sidense's 40+ patents covers Sidense's IP technology – Kilopass seeks to use the prosecution history of Sidense's '855 patent. *See* Kilopass Opp. to Mot. in Limine #1 at 5-6. At the hearing Kilopass' counsel asserted that Sidense's founder Mr. Wlodek Kurjanowicz admitted at his December 15, 2011 deposition that Sidense's patents do not cover Sidense's technology. *See* Hearing Tr. 11:13-15 ("[W]hen we showed him the advertisements or showed him what everybody was being presented with, he said, no, we don't have a patent on that product."). Mr. Kurjanowicz was shown the '855 prosecution history and allegedly admitted that Sidense did not have a patent on its own technology. *Id.*

The scope of a patent's coverage is a question of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc) *aff'd* 517 U.S. 370 (1996). Whether Kilopass intends to present evidence that Sidense's '855 patent does not cover Sidense's technology or that *none* of Sidense's patents covers *any* of Sidense's technology *or* the 1T-Fuse™ Logic NVM IP technology at issue, the scope of Sidense's patents is simply an inappropriate matter for the jury. Counsel for Sidense noted at the hearing that Sidense has an extensive patent portfolio consisting of at least 40 patents. Hearing Tr. 21:21-23. To prevail on any of these three tort claims Kilopass would be asking the jury to determine that Sidense's claim that its patents cover its technology is false. In effect, that would mean the jury would have to determine the scope of <u>all</u> of Sidense's patents, or at the least, the scope of the '855 patent. The parties are aware of the history of this case and the effort involved in patent claim construction. At no point in the prior two years of motions has Kilopass submitted any evidence concerning any of Sidense's patents, nor requested this broad claim construction of *all* of Sidense's patents.

Reviewing the only other relevant evidence Kilopass points to simply does not support their assertion, nor does it get around the problem of having a jury determine patent scope. The Court

3

1  reviewed the portions of Mr. Kurjanowicz's deposition provided by Kilopass' counsel[1] and nowhere
2  does Mr. Kurjanowicz admit that Sidense's patents do not cover Sidense's technology. In fact, in
3  response to Kilopass' counsel's assertion that Sidense modified it's patents to "get around" a Kilopass
4  patent, Mr. Kurjanowicz stated, "I don't think so." Maheshwari Decl., Ex. 4, Kurjanowicz Dep. 135:5-
5  17. Because Sidense makes a broad claim that its technology is patented, the jury would be forced to
6  determine the ambit of some or all of Sidense's patents.

Having the jury consider any of the potentially relevant evidence Kilopass has pointed the Court to on this point–that Sidense's patents do not cover Sidense's technology–would substitute the jury's judgment of the patents' scope for that of this Court. To do so is incorrect as a matter of law. The Court therefore excludes all evidence that Sidense's patents do not cover its own technology.[2]

## 2. **Motion in Limine #2**

The Court GRANTS Sidense's Motion in Limine #2 (Dkt. 290) and hereby excludes evidence of allegations not included in Kilopass' TAC. Defendant's false advertising claim and related[3] intentional interference with prospective economic advantage and unfair competition claims must be plead with particularity pursuant to Fed. Rule Civ. Proc. 9(b). *See* Dkt. 50 at 10. Allowing Kilopass to add new allegations because it plead them generally in the TAC would not only violate 9(b)'s

---

[1] Kilopass' Opposition to Motion in Limine #1 purports to attach Mr. Kurjanowicz's deposition excerpts at Exhibit 1 to the Declaration of Imran Khaliq in Support of Kilopass Technology, Inc.'s Opposition to Sidense's Motion in Limine #1-8. However, only the prosecution history of the '855 patents appears at Exhibit 1. The Court did find the apparently relevant excerpts of Mr. Kurjanowicz's deposition at Exhibit 4 to the Declaration of Shailendra Maheshwari in Support of Kilopass' Opposition to Sidense's Cross-Motion for Leave to File a Summary Judgment Motion.

[2] Although the Court denied Sidense's prior motion for leave to file a summary judgment motion (Dkt. 300), the result of granting Sidense's Motion in Limine #1 is that it is very unlikely that any triable disputes of material fact remain.

[3] Kilopass' intentional interference with prospective economic relations and unfair competition claims are related to the false advertising claim because they too require a showing that Sidense violated the Lanham Act. *See BioResource, Inc. v. US Pharmaco Dist., Ltd.*, 2010 U.S. Dist. LEXIS 69836, *8 (N.D. Cal. July 13, 2010) (interference with prospective economic advantage claim requires conduct that is "wrongful by some legal measure other than the fact of interference itself"); *Cel-Tech Comms. Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (unfair competition claim under the "unlawful" prong requires a borrowed law). Additionally, the Court has previously found that Kilopass' unfair competition claim is limited to the "unlawful" prong of § 17200 and therefore the practices "that form the basis of this claim consist of plaintiff's other tort counts." Dkt. 50 at 11.

particularity requirement, but would also be prejudicial to Sidense at this late stage.

### **3.** **Motion in Limine #3**

The Court GRANTS Sidense's Motion in Limine #3 (Dkt. 291) and hereby excludes hearsay evidence cited in Kilopass' Interrogatory responses. Fed. Rule of Evidence 807's residual hearsay exception does not apply here, where the plaintiff has not shown that the veracity of the hearsay statements is uncontested. Even if the residual exception applies, plaintiff has not demonstrated that these statements bear any relevance to the crux of Kilopass' false advertisement claim and related intentional interference with prospective economic advantage and unfair competition claims.

### **4.** **Motion in Limine #4**

The Court GRANTS Sidense's Motion in Limine #4 (Dkt. 292) excluding evidence that Sidense infringes Kilopass' patents or copied Kilopass' patented technology, without objection.

### **5.** **Motion in Limine #5**

The Court GRANTS Sidense's Motion in Limine #5 (Dkt. 293) and hereby excludes all evidence of Kilopass' patents. The crux of Kilopass' claims against Sidense revolve around Sidense's alleged misrepresentations with respect to Sidense's own patents. The existence and validity of Kilopass' own patents is therefore irrelevant. To the extent it is relevant to disprove that Sidense's patents do not cover Sidense's technology, the Court has already address that issue *supra*; the scope of a patent is a question of law for the Court, not the jury.

### **6.** **Motion in Limine #6**

The Court DEFERS ruling on Sidense's Motion in Limine #6 (Dkt. 294). Bonnie Smith's damages expert report could be admissible if Kilopass is able to present the requisite underlying evidence at trial–to lay a factual foundation for liability on which Ms. Smith's damages analysis rests.

5

**7. Motions in Limine #7 & #8**

The Court DEFERS ruling on Sidense's Motion in Limine #7 (Dkt. 295) and #8 (Dkt. 296).

**IT IS SO ORDERED.**

Dated: September 28, 2012

SUSAN ILLSTON
United States District Judge