IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KILOPASS TECHNOLOGY, INC.,

        Plaintiff,

  v.

SIDENSE CORPORATION,

        Defendant.

_____/

No. C 10-02066 SI
Related Case No. C 11-04112 SI

**ORDER DENYING IN PART AND
GRANTING IN PART THE PARTIES' *EX
PARTE* APPLICATIONS TO FILE
UNDER SEAL; RESETTING
DEADLINES AND CONTINUING
HEARING**

Currently before the Court are the parties' *ex parte* applications to file documents under seal in conjunction with their respective motions for attorneys' fees and sanctions.  In response to this Court's order (Docket No. 355), the parties have conceded that many of the documents that they originally sought to file under seal do not contain any information that should be concealed from the public. Accordingly, the Court hereby DENIES the parties' *ex parte* applications to file under seal as to those conceded documents, listed herein.

*Documents Conceded by Kilopass*:

- Exhibit A to the Declaration of Mark L. Hogge (Docket No. 351-2)

- Exhibit 10 to the Declaration of Mark L. Hogge (Docket No. 348-11);

- Exhibits 1-3 to the Declaration of Harry Luan (Docket No. 348-6);

- [Unredacted] Declaration of Harry Luan in Support (Docket No. 348-5);

- [Unredacted] Declaration of Chun Ng (Docket No. 348-2); and

- [Unredacted] Declaration of Charlie Cheng (Docket No. 348-1);

*Documents Conceded by Sidense*:

- Exhibits A, D, & E to the Declaration of Mark L. Hogge (Docket No. 351-2)
- Exhibits 1-5 and 9 of the Declaration of Mark L. Hogge (Docket Nos. 348-8, 348-11);
- Exhibits 1-2 to the Declaration of Harry Luan (Docket No. 348-6);
- Exhibit 25 to the Declaration of Robert D. Tadlock (Docket No. 341-25);
- [Unredacted] Declaration of Roger L. Cook (Docket No. 340);
- Exhibit 9 to the Declaration of Mark L. Hogge Docket No. 337-3).

The parties submitted responses and declarations wherein they maintained that the remaining documents should be filed under seal. The Court finds that the parties have sufficiently justified sealing with respect to some documents, and failed to justify sealing with respect to others, as discussed below.

With the exception of a narrow range of documents that are "traditionally kept secret," none of which are present here, courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). A motion is considered dispositive even when it is only "connected to" a traditionally-dispositive order, like one for summary judgment. *In re Midland Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012).

However, when parties attach to a non-dispositive motion discovery documents that have been sealed pursuant to a blanket protective order, the general presumption of access is rebutted. *Id.*; *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). In that instance, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*,

Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012).  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1184.  Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  *Phillips*, 307 F.3d at 1211.  In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access.  Civil Local Rule 79-5(a).

Here, the parties' motions for attorneys' fees and for sanctions, to which the pending *ex parte* applications to file under seal are attached, are non-dispositive.  *See Phillips*, 307 F.3d at 1213 (sanctions motions not dispositive).  Their adjudication will not affect the substantive claims or defenses of any parties to the litigation, which has already concluded on the merits.  *See* Docket No. 328.  Accordingly, for good cause shown under Federal Rule of Civil Procedure 26(c), or lack thereof, the Court concludes as follows:

| Docket No. | Material | Court's Ruling | *Ex Parte* Appl. Docket No. |
|---|---|---|---|
| 337-2 | Exhibits 1-3 to the Declaration of Mark L. Hogge in Support of Kilopass's Motion for Sanctions | DENIED.  Kilopass's request to seal their attorneys' fee rates, hours billed, and costs incurred does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 336 |
| 341-1 | Exhibit 1 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED. Kilopass's request to seal this email chain containing conversations between Kilopass and their counsel does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 338 |
| 341-2 | Exhibit 2 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED. Kilopass's request to seal this email chain containing conversations between Kilopass and their counsel does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 338 |
| 341-3 | Exhibit 3 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED. Kilopass's request to seal this email chain containing conversations between Kilopass and their counsel does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 338 |

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

| 341-9 | Exhibit 9 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED. Kilopass's request to seal this email chain containing conversations between Kilopass and their counsel does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 338 |
|---|---|---|---|
| 341-10 | Exhibit 10 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED.  Kilopass's request is overbroad in that segments of the deposition transcript Kilopass seeks to seal discuss public information. | 338 |
| 341-11 | Exhibit 11 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | GRANTED.  The exhibit in its entirety contains confidential and commercially sensitive information that is sealable under Rule 26(c)(1)(G). | 338 |
| 341-12 | Exhibit 12 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | GRANTED.  The exhibit in its entirety contains confidential and commercially sensitive information that is sealable under Rule 26(c)(1)(G). | 338 |
| 341-26 | Exhibit 26 to the Declaration of Robert D. Tadlock in Support of Sidense's Motion for Attorneys' Fees | DENIED.  Sidense's request to seal its attorney fee arrangements does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 338 |
| 348-8 | Exhibit 6 to the Declaration of Mark L. Hogge in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | DENIED.  Kilopass's request does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 344 |
| 348-8 | Exhibit 7 to the Declaration of Mark L. Hogge in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | DENIED.   Kilopass's request does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 344 |
| 348-6 | Exhibit 4 to the Declaration of Harry Luan in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | DENIED.  Kilopass's request does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. | 344 |
| 348-6 | Exhibit 5 to the Declaration of Harry Luan in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | GRANTED.  This exhibit is sealed in its entirety, because it contains non-public proprietary information. | 344 |

| 348-14 | Exhibit 13 to the Declaration of Mark L. Hogge in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | GRANTED. This exhibit contains commercially sensitive information. The request is narrowly tailored because Sidense will only redact the extraneous information not cited by Kilopass in its opposition, which will also be public. | 344 |
|---|---|---|---|
| 348-14 | Exhibit 14 to the Declaration of Mark L. Hogge in Support of Kilopass's Opposition to Sidense's Motion for Attorneys' Fees | GRANTED. This exhibit contains commericially sensitive information. The request is narrowly tailored because Sidense will only redact the extraneous information not cited by Kilopass in its opposition, which will also be public. | 344 |
| 351-2 | Exhibit B to the Declaration of Mark L. Hogge in Support of Kilopass's Reply Brief in Support of Kilopass's Motion for Sanctions | DENIED. Sidense's request does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. The deposition testimony does not contain any discussion of commercially-sensitI've information. | 350 |
| 351-2 | Exhibit C to the Declaration of Mark L. Hogge in Support of Kilopass's Reply Brief in Support of Kilopass's Motion for Sanctions | GRANTED. This exhibit contains commercially sensitive information. The request is narrowly tailored because Sidense will only redact the extraneous information not cited by Kilopass in its reply, which will be public. | 350 |
| 353-2 | Exhibit 38 to the Declaration of Robert D. Tadlock in Support of Sidense's Reply Brief in Support of its Motion for Attorneys' Fees | DENIED. Kilopass's request does not make a particularized showing how disclosure of non-privileged legal strategy will result in a specific harm or prejudice. | 352 |
| 353-2 | Exhibit 39 to the Declaration of Robert D. Tadlock in Support of Sidense's Reply Brief in Support of its Motion for Attorneys' Fees | DENIED. Kilopass's request does not make a particularized showing how disclosure of non-privileged legal strategy will result in a specific harm or prejudice. | 352 |
| 353-2 | Exhibit 40 to the Declaration of Robert D. Tadlock in Support of Sidense's Reply Brief in Support of its Motion for Attorneys' Fees | DENIED. Kilopass's request does not make a particularized showing how disclosure of non-privileged legal strategy will result in a specific harm or prejudice. | 352 |
| 353-2 | Exhibit 41 to the Declaration of Robert D. Tadlock in Support of Sidense's Reply Brief in Support of its Motion for Attorneys' Fees | DENIED. Kilopass's request does not make a particularized showing how disclosure of non-privileged legal strategy will result in a specific harm or prejudice. | 352 |

**United States District Court**
For the Northern District of California

1    Pursuant to Civil Local Rule 79-5(e), the Court shall not file any documents for which the
2 parties' applications to file under seal have been denied, including the documents conceded as public
3 by the parties.  The submitting party may retain the document and not make it part of the record in the
4 case, or, by **December 5, 2012**, re-submit the document for filing in the public record with any
5 necessary amendments that are not inconsistent with this order.  The parties' briefs may also be redacted
6 and resubmitted as consistent with the Court's ruling on the documents above.  The hearing on these
7 matters currently set for November 30, 2012, is hereby CONTINUED to **December 21, 2012**.  This
8 order resolves Docket Nos. 336, 338, 344, 347, 350 and 352.

9
10    **IT IS SO ORDERED.**

11 Dated: November 29 , 2012

12    SUSAN ILLSTON
      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28