IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY INC., | No. C 10-02066 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| SIDENSE CORPORATION, | |
| Defendant. | |

Currently before the Court are plaintiff Kilopass Technology, Inc.'s motion for sanctions, attorneys' fees and costs against Sidense Corporation and its counsel; and defendant Sidense's motion for attorneys' fees and costs against Kilopass. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for December 21, 2012.

Having considered the parties' papers and the evidentiary record before it, the Court hereby DENIES Kilopass's motion for sanctions, and DENIES Sidense's motion for attorneys' fees and costs, for the reasons set forth below.

**BACKGROUND**

The parties are competitors in the same field. Kilopass is a company founded in 2001 that markets a method of storing data permanently inside integrated circuits by creating a breakdown in the transistor; it calls this technology embedded Non-Volatile Memory ("eNVM"). Sidense is a company founded in 2004 that sells digital designs for 1-T, one-time programmable eNVM, which it refers to as "1T-Fuse." Sidense competes in the same market space as Kilopass. A detailed discussion of the

parties' technology is included in the Court's August 16, 2012, summary judgment order. *See* Docket No. 272 at 2-3.

In this case, plaintiff Kilopass sued defendant Sidense for patent infringement and related business tort claims. In a related case, CV 11-4112 SI, Sidense sued Kilopass, also alleging a variety of business torts. The litigation was hard fought, acrimonious and, no doubt, labor-intensive for counsel on both sides. On the patent claims, summary judgment of non-infringement was ultimately granted for Sidense and against Kilopass. As to the business torts, Kilopass eventually dismissed its claims, and in the related case, Sidense ultimately dismissed its business tort claims as well. Thus, neither party was the victor on the business tort claims. The Court has written many orders in these cases, and a more detailed analysis of the claims at issue is set forth in them.

**LEGAL STANDARD**

**1.     Motion for Sanctions**

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Imposition of costs under this statute requires a finding of recklessness or bad faith on the part of the attorney sanctioned. *See Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

Additionally, a court has the inherent authority to sanction parties for bad faith conduct in the course of litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). This authority is independent of, and not constrained by, statutory sources of authority for imposing such sanctions. *See id.* at 50. In order to sanction a party pursuant to this inherent authority, a court must find that the party acted in bad faith. *See Primus Auto. Fin'l Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). Bad faith means that the party or attorney acted "vexatiously, wantonly, or for oppressive reasons." *Id.* "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Bad faith can also consist of "delaying or disrupting the litigation."

2

*Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978).

**2.  Motion for Attorneys' Fees under the Patent Act and Lanham Act**

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "When deciding whether to award attorneys' fees under § 285, a district court engages in a two-step inquiry. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional . . . . If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified." *Marctec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915-16 (Fed. Cir. 2012). "A case may be deemed exceptional under § 285 where there has been . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates the Federal Rule of Civil Procedure 11, or like infractions." *Id.* at 916 (internal citation omitted). Taken together, these factors must demonstrate that the claims filed were "objectively baseless" and "brought in subjective bad faith." *Marctec*, 664 F.3d at 916.

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A Lanham Act case may be considered exceptional where a plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 667, 687 (9th Cir. 2012) (internal citations omitted). Such grounds may be found where "the plaintiff has no reasonable or legal basis to believe in success on the merits." *Id.* at 687-88 (internal citation omitted). A false advertising claim meets that standard where "the statements in the advertisements at issue were true and [plaintiff] had no reasonable basis to believe they were false." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002).

**DISCUSSION**

**1.  Kilopass's Motion for Sanctions**

Kilopass contends that Sidense and its counsel vexatiously multiplied the proceedings by: (1) filing a declaration containing false statements and concealing evidence during discovery, and (2)

3

refusing to stipulate to a dismissal. The Court concludes that neither of the asserted factual grounds for sanctions against Sidense merits an award to Kilopass.

Kilopass alleges that a statement in the declaration of Mr. Wlodek Kurjanowicz, a founder of the company and its Chief Technology Officer, was intentionally or recklessly false. Kurjanowicz declared that "Sidense does not manufacture semiconductor chip products, but instead licenses its memory designs to customers for their use in manufacturing their own semiconductor chip products. . . . A customer may fabricate the chip itself, or contract with a third-party chip manufacturer to build it." Docket No. 14 at ¶ 4. As Kilopass later learned, however, Sidense had hired an independent service provider to manufacture "test chips" at an IBM foundry. Thus, Kilopass argues, the Kurjanowicz "Sidense does not manufacture" declaration was false.

While Kurjanowicz could have been more forthcoming about the existence of the test chips, there is no evidence that his declaration was false or made in subjective bad faith. Kurjanowicz's declaration accurately described Sidense's business model: Sidense does not manufacture the chips itself; it licenses the designs to customers, who then manufacture chips themselves. Moreover, Sidense never manufactured the test chips itself; it contracted the manufacturing out to a third-party independent service provider. After the Kurjanowicz deposition, the chips were made available.

As to Kilopass's claim that Sidense's counsel vexatiously multiplied the proceedings by refusing to stipulate to the dismissal without prejudice of Kilopass's business-torts claims, the Court is mystified. Kilopass similarly refused to stipulate to Sidense's offer on slightly different terms only weeks prior to trial. *See* Hogge Decl. Ex. 14. As far as the business tort claims go, both sides in this action were sufficiently disingenuous and obdurate that the Court was required to expend considerable judicial preparation for a jury trial that both sides knew would never occur.

The Court, in its discretion, finds that Kilopass does not merit an award of sanctions and DENIES the motion.

4

**2.      Sidense's Motion for Attorneys' Fees**

Although Sidense was the prevailing party on the patent claims,[1] the Court concludes that Sidense has not met its burden of establishing with "clear and convincing evidence" that Kilopass brought or maintained the prosecution of its patent infringement in bad faith. *See Marctec*, 664 F.3d at 916. Kilopass performed substantial pre-filing investigation and was able to obtain opinions from two different law firms that Kilopass had a non-baseless claim against Sidense.[2] In addition, Kilopass's Chief Technology Officer performed his own independent analysis based on the results of an outside intellectual-property forensics firm to determine that a patent-infringement suit was appropriate. Furthermore, Sidense has not demonstrated that this case is "exceptional" under the Lanham Act, and thus it is not entitled to attorneys' fees and costs based on Kilopass's business torts claims.

Therefore, Sidense's motion for attorneys' fees and costs is DENIED.

## CONCLUSION

This litigation, which includes both in this case and the related case CV 11-4112, has been discouraging to the Court. For reasons which should be obvious from a review of the case dockets, it is the Court's judgment that neither side is presently entitled to sanctions from the other. Both motions are DENIED. Docket Nos. 337, 339, 362, 365.

**IT IS SO ORDERED.**

Dated: December 18, 2012

SUSAN ILLSTON
United States District Judge

---

[1] As to the business tort claims asserted by Kilopass in this action, and the business tort claims asserted by Sidense against Kilopass in No. C 11-4112 SI, both sides lost and nobody prevailed.

[2] There were also opinions to the contrary; see Dkt. 272, page 13, fn.8.

5