United States District Court
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   KILOPASS TECHNOLOGY INC.,              No. C 10-02066 SI

9              Plaintiff,                  **ORDER DENYING PLAINTIFF'S
                                           MOTION TO STAY TAXABLE COSTS
10       v.                                AND GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFF'S
11  SIDENSE CORPORATION,                   MOTION FOR REVIEW OF THE
                                           CLERK'S TAXATION OF COSTS**
12             Defendant.
                                    /
13

14          Currently before the Court are motions by plaintiff Kilopass Technology, Inc. to review and to

15  stay payment of taxable costs.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable

16  for disposition without oral argument and therefore VACATES the hearing currently scheduled for

17  March 8, 2013.

18          Having considered the parties' papers and the evidentiary record before it, the Court hereby

19  DENIES plaintiff's motion to stay, and GRANTS IN PART and DENIES IN PART plaintiff's motion

20  for review of taxable costs, for the reasons set forth below.

21

22                               **BACKGROUND**

23          Plaintiff Kilopass sued defendant Sidense for patent infringement and related business tort

24  claims.  In a related case, CV 11-4112, Sidense sued Kilopass alleging business tort violations.  In the

25  instant case, on October 2, 2012, the Court granted summary judgment for Sidense on the patent claims,

26  and neither party was the victor in the business tort claims.  *See* Docket No. 272.  On October 4, 2012,

27  Kilopass filed a notice of appeal to the Federal Circuit.

28          Sidense filed a Bill of Costs on October 16, 2012, seeking taxable costs in the amount of

United States District Court
For the Northern District of California

$46,630.86. Docket No. 335. The parties met and conferred regarding their dispute over certain taxable costs, and, unable to reach an agreement, Kilopass filed an objection to the Bill of Costs.

On January 14, 2013, the Clerk of the Court reduced taxable costs to $33,152.97. The Clerk reduced Sidense's requested amount by $13,45.04 for transcript or video costs and by $119.85 for Federal Express service. The Clerk noted that the $13,45.04 was "outside the ambit of Civil Local Rule 54-3(c)," but did not explain further why this particular amount was deducted.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir.2000) (citing *National Info. Servs. Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.1995)).

28 U.S.C. § 1920 "enumerates the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 WL 515879 (N.D. Cal. Dec. 2, 1993). Additionally, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

## DISCUSSION

### 1.    Motion for Review of Taxable Costs

Kilopass argues that the Sidense's taxable costs should be reduced to $20,414.27. Kilopass argues for a reduction in four separate areas: (1) hearing transcripts, (2) deposition transcripts, (3) video costs, and (4) foreign file histories.

2

United States District Court
For the Northern District of California

### A.    Hearing Transcripts

Kilopass argues that Sidense agreed to withdraw $798.11 from the Bill of Costs regarding hearing transcripts.  However, the Clerk did not reduce the taxable costs of the hearing transcripts by this amount.  Sidense does not dispute  that this should not be included in the taxable costs.

Accordingly, the Court GRANTS Kilopass's motion and reduces the taxable costs of the hearing transcripts by $798.11.

### B.    Deposition Transcripts

Kilopass also argues that the taxable costs of the deposition transcripts should be reduced.  First, Kilopass argues that Sidense agreed to withdraw $1,211.72 from its claimed transcript deposition costs, and the Clerk failed to make this reduction.  Sidense does not dispute this.

Second, Kilopass argues that the deposition transcript costs do not represent a fair apportionment between this case and the related *Sidense v. Kilopass* case.  At the meet and confer, the parties agreed that costs of the deposition transcripts should be apportioned between the two cases.  Kilopass categorized different portions of the depositions into three categories: (1) related to the instant case, (2) related to the *Sidense v. Kilopass* case, and (3) "neutral" portions related to both (e.g., they asked background questions that could be used in either case).  Sidense agreed with Kilopass's categorization of the depositions, and agreed that it would not include costs for the potions that were related only to the *Sidense v. Kilopass* case.

However, the parties disagreed on the apportionment of costs for the neutral portions.  Kilopass argues that costs for the neutral portions should be divided evenly between the two cases.  This would further reduce Sidense's taxable costs for deposition transcripts by $3,152.91.

Sidense argues that neutral portions should be entirely attributed to the costs of the instant case.  It argues that none of these neutral portions were in depositions that were taken solely for the *Sidense v. Kilopass* case, and that these neutral questions would have been asked for purposes of the instant case, regardless of the existence of the other case.

The Court agrees with Sidense.  The neutral questions of the deposition would have been asked in this case, regardless of the existence of any other case.  Therefore, it is appropriate that the taxable

costs of those deposition portions be assessed in this case. *See, e.g.*, *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1148 (N.D. Cal. 2010) (finding the transcript costs by other parties taxable because Hynix failed to show that the depositions of the other parties' witnesses were "so unique" to their claims as opposed to the common claims that it was not "for any purpose in connection with the case").

Accordingly, the Court GRANTS IN PART and DENIES IN PART Kilopass's motion as to the taxable costs of the deposition transcripts, and finds that the costs should be reduced by $1,211.72.

### C.     Video Costs

Kilopass argues that Sidense should not be awarded any costs for the videotaping of the depositions. Sidense originally requested $18,875.00 in costs for the video depositions.

Under 28 U.S.C. § 1920, a court may tax as costs "[f]ees for printed or electronically recorded transcripts" and the "costs of making copies" where the transcripts or the copies "are necessarily obtained for use in the case." Additionally, Local Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable," and Local Rule 54-3(d)(5) provides that "[t]he cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."

Kilopass argues that Sidense should not be awarded for the cost of both videotaping and transcribing the same deposition. The parties cite to a split of authority on this issue. *Compare Affymetrix, Inc. v. Multilyte Ltd.*, C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) (disallowing the taxable cost for both the videotaping and the stenographic transcription of the deposition), *and ATS Products Inc. v. Ghiorso*, C10-4880 BZ, 2012 WL 1194151 (N.D. Cal. Apr. 10, 2012) (same), *with Pixion Inc. v. PlaceWare Inc.*, C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) (interpreting Local Rule 54-3(c) to allow for taxable costs of both the videotaping and transcribing of a deposition), *Meier v. United States*, C 05-04404 WHA, 2009 WL 982129 (N.D. Cal. Apr. 13, 2009) (same), *Hynix Semiconductor Inc.*, 697 F. Supp. 2d at 1150 (same) (citing *MEMC Electronic Materials v. Mitsubishi Materials*, 2004 WL 5361246, *3 (N.D. Cal. 2004)), *and In re Ricoh*

*Co., Ltd. Patent Litig.*, 661 F.3d 1361 (Fed. Cir. 2011) (affirming a court's decision from this district interpreting Local Rule 54-3(c) to allow for taxable costs of both the videotaping and transcribing of a deposition).

Although courts in this district have reached divergent outcomes on this issue, this Court confirms its earlier holding that Local Rule 54-3(c) allows for the taxable costs of both the videotape and the transcript of a deposition. *See Pixion Inc.*, 2005 WL 3955889, at *2; *see also Meier*, 2009 WL 982129 (distinguishing that court's prior holding in *Affymetrix* on the same issue, citing to the more recent trend in this district allowing both video and transcription costs and finding that *Affymetrix* was a unique case because there the video taping costs were significantly higher and the Clerk had the discretion to lower the costs).

In the instant case, the video and transcript were taken in connection with the case. Even though this case did not go to trial, the video may have assisted the jury in understanding the evidence in this case, much of which was complicated. The Court finds Kilopass's arguments to the contrary unpersuasive.

Accordingly, the Court DENIES Kilopass's motion to strike the video costs, and affirms Sidense's entire request for $18,875.00 in taxable costs for the video depositions.

### D.    Foreign File Histories

Finally, Kilopass argues that Sidense is not entitled to $2,059.00 in fees for retrieving foreign patent file histories, because they were not "actually used" in this case.

Local Rule 54-3(d)(1) provides that "[t]he cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable." Kilopass relies on *Hynix* to argue that the local rule should be interpreted narrowly, and only records that are actually cited in a brief or used as exhibits in trial can be a taxable cost. In *Hynix*, the court found that certified copies of patent files were not taxable costs, because the party had already acquired uncertified copies of the files, and the certified copies "were not in fact used for defense or impeachment." *Hynix Semiconductor Inc.*, 697 F. Supp. 2d at 1153.

First, Sidense argues that in this case, unlike in *Hynix*, the documents were actually used.

United States District Court

For the Northern District of California

Sidense obtained the these foreign counterpart patent files to compare what prior art Kilopass had cited and to see if they revealed grounds for potential impeachment.  Unlike in *Hynix*, Sidense did not acquire certified copies of files in addition to uncertified copies.  Moreover, the *Hynix* case went to trial, and this case was disposed of at the summary judgment stage, so it is unknown whether the files would have been used in future motions or at trial.

Second, section 1920 does not require documents to be actually cited in the record, but simply requires that these papers were "papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  The Ninth Circuit has specifically rejected the argument that taxable costs can only be applied to documents that were made part of the record.  *See Haagen-Dazs, Co. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir.1990) (per curiam) (finding that such a "narrow interpretation of section 1920(4) . . . is not supported by the plain language of that section or by case law"); *see also Pixion Inc.*, 2005 WL 3955889 (similarly rejecting this argument, and merely inquiring whether the papers were necessarily obtained for use in the case).

The Court finds that Sidense has shown that the files were obtained for use in this case.  Therefore, the Court DENIES Kilopass's motion to strike the taxable costs for foreign file histories.

Accordingly, the Court finds that Sidense's Bill of Costs, originally totaling $46,630.88, shall be reduced as follows: $798.11 for hearing transcripts, $1,211.72 for deposition transcripts, and $119.85 for Federal Express service.[1]  Thus, Sidense's taxable costs total $44,501.18.

**2.      Motion to Stay Taxable Costs**

Kilopass also moves to stay the taxable costs pending appeal.  In determining whether to issue a stay pending appeal, courts consider the following factors:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776

---

[1] This reduction by the Clerk was not contested by either party.  *See also Yasui v. Maui Elec. Co., Ltd.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (finding that postage and courier services are not taxable costs).

United States District Court
For the Northern District of California

(1987).

Kilopass argues that it "believes it is likely to succeed on appeal given the number of factual issues disputed by the parties and their experts." Mot'n at 4. Sidense disputes that Kilopass has made a strong showing that it is likely to succeed on appeal. Kilopass's main argument for a stay is that it predicts the appeal will be resolved within a year, and if it wins it will be more burdensome for this Court and the parties if the money must then be returned or reassessed. However, the Court finds that this is a mere inconvenience, and not an irreparable injury. Moreover, Sidense has an interest in the immediate payment for its taxable costs.

Having considered these factors in the context of this case, the Court finds that the balance tips against Kilopass. Accordingly, the Court DENIES Kilopass's motion to stay the taxation of costs.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to stay the taxation of costs, and GRANTS IN PART and DENIES IN PART plaintiff's motion for review of taxable costs. Defendant's Bill of Costs shall be reduced by $2,129.70 to $44,501.18. Docket No. 374.

**IT IS SO ORDERED.**

Dated: March 6, 2013

_____
SUSAN ILLSTON
United States District Judge