IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIDENSE CORPORATION, <br><br> Defendant. | Case No. C 10-02066 SI <br><br> **ORDER DENYING WITHOUT PREJUDICE THE PARTIES' MOTION TO SEAL** |

On June 6, 2014, the parties filed their joint case management statement. Docket No. 414-3. By the present motion, the parties move to file under seal portions of the joint case management statement. Docket No. 414.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local

Rule 79-5(b). Because the joint case management statement is not a dispositive motion, the "good cause" standard applies.

In the declaration attached to the motion to seal, counsel for defendant Sidense Corp. states that the portions of the joint case management statement should be sealed because they were designated as "Highly Confidential — Outside Counsel Eyes Only" by plaintiff. Docket No. 414-1 Tadlock Decl. ¶ 2. However, good cause "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal." *Bain v. AstraZeneca LP*, No. C 09-4147 CW, 2011 U.S. Dist. LEXIS 15965, at *2 (N.D. Cal. Feb. 7, 2011); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" to establish good case). Neither party has provided the Court with such a declaration. Therefore, the parties have failed to establish good cause for sealing the portions of the joint case management statement.

Accordingly, the Court DENIES the parties' motion to seal. Docket No. 414. This denial is without prejudice to the parties refiling their motion to seal, no later than **June 12, 2014**, in a format which is narrowly tailored and demonstrates "good cause" for sealing the documents.

**IT IS SO ORDERED.**

Dated: June 9, 2014

SUSAN ILLSTON
United States District Judge