United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., | No. C 10-02066 SI |
| Plaintiff, | **ORDER GRANTING THE PARTIES' MOTIONS TO SEAL** |
| v. | |
| SIDENSE CORP., | |
| Defendant. | |

On June 27, 2014, Sidense filed a renewed motion for attorney's fees. Docket No. 417. Along with its motion, Sidense filed a stipulation to file portions of the declaration of Xerxes Wania under seal. Docket No. 418. On July 11, 2014, Kilopass filed its opposition to Sidense's motion. Docket No. 420. Along with its opposition, Kilopass filed a motion to seal exhibits 13, 15, 16, 17, 19, 20, 22, 24, 25, 27, and 28 to the Declaration of Daralyn J. Durie. Docket No. 419.

**I.   Legal Standard**

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because a motion for attorney's fees is a non-dispositive motion, the "good cause" standard applies. *See, e.g.*, *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 U.S. Dist. LEXIS 178495, at \*5 (N.D. Cal. Dec. 18, 2013).

## II.     Sidense's Stipulation

The parties have stipulated to sealing portions of the Declaration of Xerxes Wania filed in support of Sidense's motion for attorney's fees. To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Sidense argues that portions of the declaration should be filed under seal because these portions contain confidential financial information related to Sidense's annual revenues from 2009-2013. Docket No. 418-1, Tadlock Decl. ¶ 2. Sidense argues that the public disclosure of this information could lead to competitive harm. *Id.* After reviewing the attached declaration, the Court concludes that Sidense has shown good cause to seal these portions of the declaration. In addition, Sidense's request to seal is narrowly tailored because it seeks to redact only the sealable information from the declaration. Accordingly, the Court GRANTS the parties' motion to seal portions of the Wania declaration.

### III. Kilopass's Motion

Kilopass moves to seal exhibits 13, 15, 16, 17, 19, 20, 22, 24, 25, 27, and 28 to the Declaration of Daralyn J. Durie filed in support of Kilopass's opposition. Docket No. 419. The Court has previously found good cause or compelling reasons to seal all of these exhibits. Docket Nos. 247, 272, 361. Accordingly, the Court GRANTS Kilopass's motion to seal exhibits 13, 15, 16, 17, 19, 20, 22, 24, 25, 27, and 28 to the Durie declaration. This Order resolves Docket Nos. 418, 419.

**IT IS SO ORDERED.**

Dated: August 4, 2014

SUSAN ILLSTON
United States District Judge