1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KILOPASS TECHNOLOGY, INC.,              No. C 10-02066 SI
                                             Related Case No. C 11-04112 SI
12                  Plaintiff,
                                             **ORDER DENYING IN PART AND**
13        v.                                 **GRANTING IN PART THE PARTIES'**
                                             **MOTIONS TO SEAL**
14   SIDENSE CORPORATION,

15                  Defendant.
     _____/
16

17          Currently before the Court are the parties' joint motions to file documents under seal in

18   conjunction with their briefs relating to their attorneys' fee calculations. The Court finds that the parties

19   have sufficiently justified sealing with respect to some documents, and failed to justify sealing with

20   respect to others, as discussed below.

21

22          With the exception of a narrow range of documents that are "traditionally kept secret," none of

23   which are present here, courts begin their sealing analysis with "a strong presumption in favor of

24   access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  When applying to

25   file documents under seal in connection with a dispositive motion, the submitting party bears the burden

26   of "articulating compelling reasons supported by specific factual findings that outweigh the general

27   history of access and the public policies favoring disclosure, such as the public interest in understanding

28   the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

2006) (internal quotations and citations omitted).  A motion is considered dispositive even when it is "connected to" a traditionally-dispositive order, like one for summary judgment.  *In re Midland Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012).

When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal.  *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c).  To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed."  *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012).  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  *Kamakana*, 447 F.3d at 1184.  Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  *Phillips*, 307 F.3d at 1211.  In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access.  Civil Local Rule 79-5(a).

Here, the parties' briefs and exhibits filed in conjunction with Sidense's fee calculation memorandum in support of its motion for attorneys' fees[1] – to which the motions to file under seal pertain – are non-dispositive.  Their adjudication will not affect the substantive claims or defenses of any parties to the litigation, which has already concluded on the merits.  *See* Docket No. 328 (order of judgment). Accordingly, for good cause shown under Federal Rule of Civil Procedure 26(c), or lack

---

[1]Unless they reveal litigation strategy, fee arrangements between attorney and clients are generally not privileged, and thus not sealable absent a particularized showing that a specific harm will result if filed publicly.  *Ferrington v. McAfee, Inc.*, 10-CV-01455-LHK, 2013 WL 3814474 (N.D. Cal. July 22, 2013) (denying motion to seal attorney billing records); *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) ("simply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information."); *In re Grand Jury Proceeding*, 721 F.2d 1221, 1222 (9th Cir. 1983) ("The existence of an attorney-client relationship, or the fee arrangement between an attorney and his client, is generally not privileged or protected by the privilege.").

2

thereof, the Court concludes as follows:

| Docket No. | Material | Court's Ruling |
|---|---|---|
| 431-3 | Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorneys' fee rates, fee subtotals, costs incurred, terms of the fee agreement, and general references to the fact that Sidense was raising capital does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 431-5 | Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorneys' fee rates, hours billed, fee subtotals, costs incurred, and terms of the fee agreement, does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 431-6 | Exhibit A to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorney fee agreement, does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 431-7 | Exhibit B to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorney fee agreement, does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 431-8 | Exhibit C to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorney fee agreement, does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 431-9 | Exhibit D to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | GRANTED.  The exhibit – which outlines the terms of a promissory note executed by Sidense – contains confidential and commercially sensitive information. |
| 431-10 | Exhibit E to the Supplement Fee Calculation Declaration of Roger L. Cook In Support for Motion for Attorneys' Fees | GRANTED.  The exhibit – which outlines the terms of a promissory note executed by Sidense – contains confidential and commercially sensitive information. |

United States District Court
For the Northern District of California

| 431-11 | Exhibit F to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | DENIED. The parties' request to seal Sidense's attorneys' fee rates, hours billed, fee subtotals and costs incurred, does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
|---|---|---|
| 431-12 | Exhibit M to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | GRANTED. This exhibit is sealed in its entirety because it contains non-public, commercially sensitive information. |
| 431-14 | Supplement Fee Calculation Declaration of Xerxes Wania In Support of Motion for Attorneys' Fees | GRANTED only as to ¶ 8, as it contains confidential and commercially sensitive information. DENIED as to all other redacted portions, as the request to seal terms of Sidense's attorney fee agreement does not make a particularized showing or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 435-6 | Exhibit H to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | GRANTED. This exhibit is sealed in its entirety because it contains non-public proprietary information. |
| 435-7 | Exhibit L to the Supplement Fee Calculation Declaration of Roger L. Cook In Support of Motion for Attorneys' Fees | GRANTED. This exhibit is sealed in its entirety because it contains non-public proprietary information. |
| 437-3 | Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | GRANTED as to all redacted portions on page I; page 1, line 24; page 14, line 2; pages 18-19. These portions contain non-public commercially sensitive information. DENIED as to all other redacted portions. The parties' request to seal Sidense's attorneys' fee amounts and terms of the fee agreement does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |

4

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 437-5 | Declaration of Charlie Cheng in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | GRANTED.  This declaration contains non-public commercially sensitive information. |
| 437-6 | Exhibit A to Declaration of Charlie Cheng in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | GRANTED.  This exhibit contains non-public commercially sensitive information. |
| 437-7 | Exhibit B to Declaration of Charlie Cheng in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | GRANTED.  This exhibit contains non-public commercially sensitive information. |
| 437-9 | Declaration of Gary Greenfield in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorneys' fee rates, fee subtotals, costs incurred, and terms of the fee agreement does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 437-10 | Exhibit 2 to Declaration of Charlie Cheng in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorneys' fee rates and fee subtotals does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 437-11 | Exhibit 3 to Declaration of Charlie Cheng in Support of Kilopass' Opposition to Sidense's Supplemental Fee Calculation Memorandum in Support for Motion for Attorneys' Fees | DENIED.  The parties' request to seal Sidense's attorneys' fee rates and fee subtotals does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |

**United States District Court**
For the Northern District of California

| 440-3 | Declaration of Roger L. Cook In Support of Sidense's Reply Fee Calculation Memorandum In Support of Motion for Attorneys' Fees | GRANTED. This declaration contains non-public commercially sensitive information. |
|---|---|---|
| N/A | Exhibit N to the Declaration of Roger L. Cook In Support of Sidense's Reply Fee Calculation Memorandum In Support of Motion for Attorneys' Fees | DENIED. The parties have failed to file an unredacted copy under seal as required by Local Civil Rule 79-5(d)(1)(D). |
| 440-5 | Sidense's Reply Fee Calculation Memorandum in Support of Motion for Attorneys' Fees | GRANTED as to all redacted portions on page I; page 1 lines 5-6; page 13, lines 8-22; page 14, lines 5-7; page 14, line 9-28; page 15, line 1.These portions contain non-public commercially sensitive information. DENIED as to all other redacted portions. The parties' request to seal Sidense's attorneys' fee amounts and terms of the fee agreement does not make a particularized showing how or articulate a reason why a specific harm or prejudice will result from disclosure. |
| 440-7 | Second Supplemental Fee Calculation Declaration of Xerxes Wania In Support of Motion for Attorneys' Fees | GRANTED. This declaration contains non-public commercially sensitive information. |

Pursuant to Civil Local Rule 79-5(f), the Court shall not file any documents for which the parties' applications to file under seal have been denied. The submitting party may retain the document and not make it part of the record in the case, or, by **September 26, 2014**, re-submit the document for filing in the public record with any necessary amendments that are not inconsistent with this order. The parties' briefs may also be redacted and resubmitted as consistent with the Court's ruling on the documents above. This order resolves all motions to seal under Docket Nos. 431, 435, 437, and 440.

**IT IS SO ORDERED.**

Dated: September 22, 2014

SUSAN ILLSTON
United States District Judge

6