IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILOPASS TECHNOLOGY, INC., | No. C 10-02066 SI |
| Plaintiff, | Related Case No. C 11-04112 SI |
| v. | **ORDER GRANTING THE PARTIES' JOINT MOTION TO SEAL** |
| SIDENSE CORPORATION, | |
| Defendant. | |

On September 22, 2014, the Court issued an order granting in part and denying in part the parties' joint motions to seal twenty-three separate documents. Docket No. 442. In that order, the Court denied the parties' motion to seal Exhibit N to the Declaration of Roger L. Cook In Support of Sidense's Reply Fee Calculation Memorandum In Support of Motion for Attorneys' Fees ("Exhibit N"), because the parties failed to provide the Court with an unredacted copy under seal, as required by Local Civil Rule 79-5(d)(1)(D). The parties have now done so; hence, the Court will consider the motion.

With the exception of a narrow range of documents that are "traditionally kept secret," none of which are present here, courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden

of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). A motion is considered dispositive even when it is "connected to" a traditionally-dispositive order, like one for summary judgment. *In re Midland Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012).

When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211. In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(a).

Here, Exhibit N was filed in conjunction with the Sidense's attorneys' fee motion, which is non-dispositive. Its adjudication will not affect the substantive claims or defenses of any parties to the litigation, which has already concluded on the merits. *See* Docket No. 328 (order of judgment).

Sidense alleges that information contained in Exhibit N constitutes non-public, commercially sensitive financial and customer information. Docket No. 443-1 O'Brien Decl. ¶ 2. Sidense further alleges that publicly filing Exhibit N risks causing "serious financial harm" by providing this information to competitors and customers. *Id.* After reviewing Exhibit N and the attached declaration,

2

the Court concludes that the parties have sufficiently articulated compelling reasons for sealing Exhibit N.

Accordingly, the parties' motion to seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 25, 2014

SUSAN ILLSTON
United States District Judge