# REQUEST FOR JUDICIAL NOTICE
# EXHIBIT C

1 | **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2 | **Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA 94612
3 | 510.452.258l – Fax 510.452.3277

4 | **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5 | 503.445-4622 – Fax 503.238.7501

6 | **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7 | 503.622.3123 - Fax: 503.622.1438

8 | **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
P.O. Box 1168• Lake Oswego, OR 97034
9 | 360.213.9737 - Fax 866.399.5575

10 | **J. Ashlee Albies, Oregon Bar No. 051846** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 | 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516
12 |

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 | 610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089
14 |

15 | Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ) MDL Docket No. 06-1791 VRW ) ) **DECLARATION OF JON B. EISENBERG** |
| This Document Relates Solely To: | ) **IN SUPPORT OF PLAINTIFFS' MOTION** ) **FOR ATTORNEY'S FEES** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | ) ) |
| AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al., | ) ) ) |
| Plaintiffs, vs. | ) ) ) |
| BARACK H. OBAMA, President of the United States, et al., | ) ) ) |
| Defendants. | ) |

I, Jon B. Eisenberg, hereby declare as follows:

1. I make this declaration of my own personal knowledge and could testify thereto if called as a witness.

2. I graduated from Hastings College of the Law in 1979 and was admitted to the California bar that same year. During my last three semesters of law school, I was a law clerk at Farella, Braun & Martel in San Francisco. From August 1979 until August 1980, I clerked for Justice Winslow Christian of the California Court of Appeal, First Appellate District. From September 1980 until May 1982, I was a litigation associate at Farella, Braun & Martel. From June 1982 until June 1996, I was a staff attorney at the California Court of Appeal, First Appellate District, initially on the court's central staff and then for 13 years as a chambers attorney with Justice Donald B. King. From July 1996 until June 2006, I practiced law as an appellate specialist with Horvitz & Levy LLP, initially as "of counsel" and later as a partner. From July 2006 to the present, I have been a partner with William N. Hancock in Eisenberg & Hancock LLP.

3. Since re-entering private practice in 1996, I have litigated, as lead counsel, approximately 75 cases in the California Court of Appeal and 6 cases in the United States Court of Appeals. I have argued 11 cases in the California Supreme Court, as both lead counsel and amicus curiae counsel, and have served as amicus curiae counsel in 4 cases before the United States Supreme Court.

4. I am principal co-author of the Rutter Group's *California Practice Guide: Civil Appeals and Writs*, which was first published in 1989 and which I update annually. Since 2001, I have taught California Appellate Process, a 3-unit course on state and federal appellate procedure, as an adjunct professor at Hastings College of the Law. (As of 2009, my partner Mr. Hancock and I are alternating the teaching of this yearly course.) I frequently teach continuing legal education courses on appellate procedure and other topics. I have published numerous law review articles, medical journal articles, online articles, and book chapters on various subjects, including the right to die, functional brain imaging, Internet privacy, California Supreme Court Chief Justice Roger J. Traynor, appellate procedure, the right of publicity, and the present case, as well as a non-fiction book about the Terri Schiavo case.

5. I have been named a Northern California "Super Lawyer" yearly since that publication's inception, and for the past two years I have appeared on that publication's list of the top 100 lawyers in Northern California. In 2008, the Los Angeles Daily Journal named me one of California's top 100 lawyers for my work on the present case.

6. Since forming my partnership with Mr. Hancock in July 2006, I have devoted about half my law practice to pro bono and uncompensated public interest work in a variety of cases (primarily involving constitutional and civil rights issues), and the other half of my law practice to paying clients. Over the past four years, I have spent an average of about 800 hours per year on paying cases and about 800 hours per year on non-paying cases (including the hours I have devoted to the present case, for which I have not been paid and will not be paid absent an award of attorney's fees by this Court), in addition to the many hours I have spent on teaching and publishing. Because of the substantial demands of the present case, during the past four years I have declined retention in about a dozen cases for which I would have been compensated. Additionally, in August 2007 I declined an offer to join the appellate department of a large multi-office law firm because I did not believe that in that position I would be able to meet the demands of the present case.

7. I have reviewed this Court's decisions in *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912 (N.D. Cal. 2005), *Garnes v. Harnhardt*, 2006 WL 249522 (N.D. Cal. 2006), *In re Portal Software, Inc. Securities Litigation*, 2007 WL 4171201 (N.D. Cal. 2007), and *Martin v. FedEx Ground Package System, Inc.*, 2008 WL 5478576 (N.D. Cal. 2008). Having done so, I understand that this Court's practice is to use the *Laffey* matrix as adjusted for locality, rather than counsel's own stated rates or those customarily charged by law firms, to determine appropriate hourly rates.

8. My current standard commercial rate is $650 per hour, which I routinely charge to the clients whom I bill for my services, and I am informed and believe that this rate is reasonable and customary (and if anything on the low end) for an attorney of my experience and caliber practicing in the San Francisco Bay Area. In contrast, the *Laffey* matrix for 2009-2010 prescribes attorney's fees at the hourly rate of $465 for attorneys with 20-plus years of experience. *See* http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.htm. For 2010, the

DECLARATION OF JON B. EISENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
MDL DOCKET NO. 06-1791 VRW  2

locality pay differential for the San Francisco Bay Area is 35.15 percent, while the locality pay differential for the Washington D.C. area is 24.22 percent. *See* http://www.opm.gov/oca/compmemo/2009/2010PAY_Attach2.pdf. Thus, increasing the *Laffey* matrix figure of $465 by 8.7989 percent ((135.15-124.22)/124.22 = .087989) yields an hourly rate of $506 for attorneys litigating in the San Francisco Bay Area who have 20-plus years of experience.

9. The United States Supreme Court recently held in *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1674 (2010) that in extraordinary circumstances it may be appropriate to enhance an award of attorney's fees "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value," which "may occur if the hourly rate is determined by a formula that takes into account only a single factor (such as years since admission to the bar) . . . ." The decision in *Perdue v. Kenny A.* authorizes an enhancement of my hourly rate to $650 as reflecting my "true market value," in contrast to the *Laffey* matrix as adjusted for locality, which takes into account only the single factor of years since admission to the bar. Nevertheless, knowing this Court's current practice, I request calculation of my attorney's fees only at the hourly rate of $506 according to the *Laffey* matrix as adjusted for locality (although I certainly would not object if, based on *Perdue v. Kenny A.*, the Court were to calculate my fees at my actual hourly rate of $650).

10. I joined the litigation team in this case just a few days before the complaint was filed on February 28, 2006. Initially, it was envisioned that, as an appellate specialist, I would not devote a substantial amount of time to the case until substantial discovery was completed and motion practice commenced, and that my participation would increase further when the case was appealed to the Ninth Circuit. It quickly became evident, however, that the case might not turn on substantial discovery, and the motion practice intensified, as did my participation in the case. My participation increased further at the end of 2006, upon the commencement of the defendants' interlocutory appeal to the Ninth Circuit and the case's MDL transfer from Oregon (where most of my co-counsel reside) to the San Francisco Bay Area (where I reside). Consequently, since the end of 2006, I have devoted the most hours to this case among plaintiffs' counsel.

11. I have maintained time records for this case in the same manner as I maintain time

records for all my other cases, paying and non-paying. Throughout the course of each day, I have recorded, in tenths of an hour, the time spent on specific tasks for my work that day. At the end of each day (or at the outset of the following day if I have worked late into the evening of the previous day), I have faxed from my Oakland office to my partner Mr. Hancock's San Francisco office (or, during February-June 2006 while I was with Horvitz & Levy LLP, to my secretary in Encino) a written description of my time spent on specific tasks for all my work that day (or the previous day), which Mr. Hancock or our legal assistant (or, during February-June 2006 while I was Horvitz & Levy LLP, my secretary in Encino) then entered in to the firm's computerized billing program.

12. Pursuant to Civil Local Rule 54-5(b)(2), I provide the following statement of the services I have rendered in this case and summary of the time I have spent providing those services. At the Court's request, and pursuant to Civil Local Rule 54-5(b)(2), I am prepared to produce my contemporary time records or an abstract thereof for *in camera* inspection by the Court, if the Court deems it appropriate.

- Research, analysis, consultations with co-counsel for drafting of complaint (2/27/06): 1.0 hour.

- Research, analysis, consultations with co-counsel regarding possible recusal of judge initially assigned to case (3/2/06-3/7/06): 1.7 hours.

- Research, analysis, consultations with co-counsel regarding factual background of case (3/6/06-3/15/06): 11.5 hours.

- Research, analysis, consultations with co-counsel, drafting regarding discovery, privilege, classification and sealing issues and pending related litigation (3/18/06-4/14/06): 26.5 hours.

- Research, analysis, consultations with co-counsel, drafting for memorandum in opposition to ex parte filing by defendants (4/18/06-5/22/06): 70.0 hours.

- Research, analysis, consultations with co-counsel regarding state secrets privilege (5/3/06-5/21/06): 9.7 hours.

- Research, analysis, consultations with co-counsel, drafting for motion to compel discovery (5/17/06-5/22/06): 7.2 hours.

- Review and analysis of sur-reply memorandum on ex parte filing by defendants (5/25/06-5/26/06): 1.5 hours.

- Review and analysis of defendants' motion to prevent plaintiffs' access to sealed document; research, analysis, consultations with co-counsel, drafting for opposition to defendants' access motion (5/28/06-6/16/06): 55.7 hours.

- Research, analysis, consultations with co-counsel, drafting for opposition to defendants' motion to dismiss based on state secrets privilege (6/12/06-7/4/06): 66.5 hours.

- Research, analysis, consultations with co-counsel, drafting for response to defendants' MDL motion (6/20/06-6/27/06): 45.7 hours.

- Update legal research, consultations with co-counsel, drafting of letter to court on recent decisions in pertinent related cases (7/10/06-7/31/06): 10.9 hours.

- Review MDL decision and defendants' request for stay pending further MDL proceedings, consultations with co-counsel, drafting of opposition to stay request (8/10/06-8/15/06): 5.0 hours.

- Prepare for, travel to/from, attend 8/29/06 hearing on defendants' motion to dismiss (8/17/06-8/29/06): 41.6 hours.

- Prepare for, consultations with co-counsel regarding, participate in judicial teleconference on defendants' request for stay pending further MDL proceedings (8/18/06): 2.0 hours.

- Prepare motion for partial summary judgment, consultations with co-counsel, related tasks (8/30/06-10/31/06): 71.2 hours.

- Prepare opposition to MDL/CTO transfer (9/12/06-9/25/06): 20.8 hours.

- Prepare opposition to defendants' motion for 1292(b) interlocutory appeal and request for stay, consultations with co-counsel, related tasks (9/20/06-11/1/06): 44.3 hours.

- Prepare reply brief on MDL/CTO transfer (10/24/06-10/26/06): 10.1 hours.

- Prepare letter to trial court for judicial teleconference regarding security procedures for sealed document; review defendants' letter to trial court for teleconference; consultations with co-counsel; participate in judicial teleconference; review transcript of teleconference (10/31/06-

11/3/06): 7.7 hours.

• Prepare letter to Judge Walker regarding MDL/CTO transfer and status of case (11/3/06-11/7/06): 5.9 hours.

• Prepare response to defendants Supplemental Information Brief on MDL/CTO transfer (11/8/06-11/9/06): 5.7 hours.

• Prepare for and attend 11/17/06 MDL case coordination hearing; consultations with co-counsel; prepare report to co-counsel (11/15/06-11/20/06): 8.8 hours.

• Review briefs and rulings in recent pertinent cases; consultations with co-counsel (11/14/06-1/24/07): 8.0 hours.

• Prepare for and attend hearing on MDL consolidated cases (11/21/06): 4.5 hours.

• Tasks and negotiations with defense counsel regarding security procedures for sealed filings pertinent to classified information and litigation logistics; consultations with co-counsel; consultation with outside counsel for legal advice on handling of classified information (11/22/06-1/4/07): 9.1 hours.

• Research and analysis on sovereign immunity issues; consultations with co-counsel; prepare memorandum to co-counsel (12/10/06-1/30/07): 33.6 hours.

• Tasks pertaining to MDL/CTO transfer; consultations with co-counsel (12/19/06-12/22/06): 4.5 hours.

• Prepare letter to Judge Walker regarding status of case and 2/9/07 hearing; consultations with co-counsel (12/26/06-1/9/07): 5.1 hours.

• Consultations with co-counsel regarding Ninth Circuit order staying briefing on 1292(b) interlocutory appeal (1/10/07): .6 hour.

• Negotiations with defense counsel regarding proposal to "wipe" purported classified information from my laptop computer, consultations with co-counsel and outside counsel, destruction of laptop computer by court security officers (1/15/07-8/8/07): 12.1 hours.

• Review draft brief opposing stay, consultations with co-counsel, prepare for and attend 2/09/07 hearing; post-hearing consultations with co-counsel (2/1/07-2/19/07): 21.3 hours.

• Conference call with full NSA litigation team regarding status of all cases (3/2/07):

DECLARATION OF JON B. EISENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
MDL DOCKET NO. 06-1791 VRW                 6

1.2 hours.

• Research, analysis, consultations with co-counsel for anticipated arguments in summary judgment reply brief (3/12/07-3/23/07): 30.2 hours.

• Prepare amicus curiae brief for *Hepting* appeal in lieu of brief as appellee due to Ninth Circuit stay, convert to appellee's brief upon lifting of stay (3/26/07-4/26/07) 22.7 hours.

• Research, analysis, draft opposition to Ninth Circuit and district court requests for stay of district court proceedings pending appeal (3/26/07-3/28/07): 23.0 hours.

• Prepare motion for reconsideration of Ninth Circuit stay order and to lift stay of appellate proceedings (4/5/07-4/6/07): 5.2 hours.

• Review, analysis, consultations with co-counsel, prepare brief on consolidation with *Hepting* appeal in Ninth Circuit (4/17/07-4/20/07): 12.0 hours.

• Prepare appellees' brief in Ninth Circuit, research, analysis, consultations with co-counsel (4/27/07-7/5/07): 177.1 hours.

• Review classified filings in presence of court security officer, analysis, prepare sealed supplemental Ninth Circuit brief under guard in U.S. Attorney's office (6/15/07-6/26/07): 9.8 hours.

• Prepare for and present Ninth Circuit oral argument on 1292(b) interlocutory appeal, consultations with co-counsel, update research and review all prior filings and applicable legal authorities in preparation for oral argument (7/2/07-8/16/07): 121.1 hours.

• Prepare FRAP 28(j) letter in Ninth Circuit (7/21/07-7/25/07): 7.4 hours.

• Prepare second FRAP 28(j) letter in Ninth Circuit (8/4/07-8/6/07): 6.5 hours.

• Prepare third (post-hearing) FRAP 28(j) letter and sealed post-hearing letter in Ninth Circuit (8/17/07-8/30/07): 33.9 hours.

• Review video of Ninth Circuit oral argument of *Al-Haramain* and *Hepting* and prepare transcript (8/16/07-8/31/07): 6.6 hours.

• Research, analysis, consultations with co-counsel on anticipated issues after Ninth Circuit decision, review new developments regarding FISA issues and congressional testimony regarding TSP (9/2/07-11/5/07): 30.1 hours.

• Review Ninth Circuit opinion, consultations with co-counsel, research regarding

rehearing and certiorari (11/16/07-11/26/07): 6.6 hours.

- Research, analysis, update TSP developments, consultations with co-counsel for issues on remand from Ninth Circuit (11/20/07-6/24/08): 62.1 hours.

- Prepare text for eventual summary judgment motion on remand, consultations with co-counsel (12/28/07-2/5/08): 71.5 hours.

- Prepare for and attend case management conference, consultations with co-counsel (2/7/08): 5.5 hours.

- Prepare opposition to defendants' second motion to dismiss (2/11/08-3/31/08): 87.5 hours.

- Prepare answer to telecom amicus curiae brief on defendants' second motion to dismiss (4/9/08-4/14/08): 19.1 hours.

- Prepare motion to extend time, research, analysis (4/9/08-4/18/08): 7.0 hours.

- Prepare for and present oral argument on defendants' second motion to dismiss, review transcript (4/15/08-4/24/08): 29.0 hours.

- Review 7/2/08 opinion, consultations with co-counsel regarding status and strategy (7/2/08-7/3/08): 8.5 hours.

- Prepare amended complaint, review and analysis of unclassified evidence to show standing, research, consultations with co-counsel (7/4/08-7/29/08): 72.9 hours.

- Prepare case management conference statement and attend case management conference (7/30/08-9/12/08): 12.5 hours.

- Prepare FISA section 1806(f) motion, research, analysis, consultations with co-counsel (8/26/08-9/30/08): 70.7 hours.

- Prepare opposition to defendants' third motion to dismiss, research, analysis, consultations with co-counsel (9/30/08-10/23/08): 90.6 hours.

- Prepare FISA section 1806(f) reply memorandum, research, analysis, consultations with co-counsel (10/23/08-11/14/08): 51.0 hours.

- Prepare for and attend 12/2/08 hearing on motions, consultations with co-counsel, review transcript of hearing (11/16/08-12/9/08): 27.1 hours.

- Review 1/9/09 opinion, analysis, consultations with co-counsel on next steps in litigation (1/5/09-1/6/09): 7.7 hours.

- Prepare application for TS/SCI security clearance (1/8/09-1/12/09): 6.6 hours.

- Prepare case management conference statement, research, analysis, consultations with co-counsel (1/12/09-1/20/09): 15.8 hours.

- Prepare for and attend case management conference (1/21/09-1/23/09): 10.4 hours.

- Prepare motion to dismiss defendants' Ninth Circuit appeal from 1/9/09 order, analysis, consultations with co-counsel (1/17/09-2/23/09): 53.5 hours.

- Prepare opposition to defendants' motion for 1292(b) interlocutory appeal from 1/9/09 order, research, analysis, consultations with co-counsel (1/26/09-2/6/09): 32.5 hours.

- Prepare supplemental case management conference statement on non-FISA and "need to know" issues (2/9/09-2/17/09): 27.3 hours.

- Review defendants' 1292(b) reply memo, consultations with co-counsel, research and analysis on stay and appealability issues, consultations with co-counsel (2/12/09-2/13/09): 11.6 hours.

- Prepare reply brief in Ninth Circuit on motion to dismiss appeal (2/23/09-2/26/09): 17.5 hours.

- Review Ninth Circuit ruling dismissing appeal; analyze implications (2/27/09): 1.0 hour.

- Review and analyze defendants' 2/27/09 filings in district court, consultations with co-counsel, prepare memorandum to co-counsel on strategy for going forward (2/28/09-3/2/09): 11.5 hours.

- Review and analysis of recent filings in related cases, possible new DOJ policy on state secrets privilege, and relevance of newly-released torture memos to TSP cases (4/8/09-4/16/09): 4.6 hours.

- Consultations with co-counsel and NSA litigation counsel for settlement overture to DOJ through independent intermediary, research, analysis, meeting in Chicago with independent intermediary, travel to/from Chicago meeting, prepare memorandum to co-counsel regarding

Chicago meeting (4/16/09-4/22/09): 22.4 hours.

• Prepare proposed protective order for FISA section 1806(f) proceedings, consultations with co-counsel, conference with defense counsel on proposed protective order, prepare joint submission to court on proposed protective order (4/20/09-5/15/09): 29.4 hours.

• Review and analyze Ninth Circuit *Jeppesen* opinion on state secrets privilege: 2.0 hours.

• Research, analysis, consultations with co-counsel regarding order to show cause and sanctions establishing subject matter jurisdiction, prepare 5/29/09 district court filing on order to show cause and anticipated motion for partial summary judgment, review defendants' 5/29/09 district court filing (5/25/09-5/31/09): 39.7 hours.

• Prepare for and attend 6/3/09 hearing on order to show cause (6/1/09-6/3/09): 15.9 hours.

• Prepare motion for partial summary judgment, research, analysis, consultations with co-counsel (6/4/09-7/9/09): 63.9 hours.

• Review and analysis of new Inspectors General report (7/10/09-7/12/09): 7.0 hours.

• Prepare reply memorandum on motion for partial summary judgment and opposition to defendants' fourth motion to dismiss, research, analysis, consultations with co-counsel (7/13/09-9/9/09): 82.3 hours.

• Review and analysis of new cases on state secrets privilege (*Horn v. Huddle*, *Mohawk Industries*, *Doe v. CIA*) (7/20/09-9/14/09): 10.8 hours.

• Telephone conferences with defense counsel, consultations with co-counsel regarding extension of briefing deadlines (7/29/09-7/31/09): 1.2 hours.

• Review and analysis regarding "inaccuracy" in previous classified government filings (9/16/09-9/17/09): 5.0 hours.

• Prepare for and attend 9/23/09 hearing on summary judgment and dismissal motions (9/16/09-9/23/09): 23.5 hours.

• Review new OLC opinion on executive power, research, analysis (9/17/09): 4.0 hours.

1  • Obtain and review transcript of 9/23/09 hearing, consultations with defense counsel
2  regarding inaccuracies in transcript, prepare corrections to transcript; review defense counsel's
3  corrections to transcript (9/15/09-2/22/10): 7.7 hours.
4  • Review DOJ's new policy on state secrets privilege, meetings regarding new policy
5  and effect on Al-Haramain case (9/29/09-9/30/09): 7.0 hours.
6  • Review and analysis of new cases on state secrets privilege and FBI manual on
7  surveillance (10/29/09-1/6/10): 2.6 hours.
8  • Review request in *Horn v. Huddle* for vacatur of opinions cited in *Al-Haramain*
9  briefs, prepare amicus curiae brief opposing vacatur (11/4/09-11/9/09): 16.6 hours.
10  • Review and analysis of defendants' filing of classified declaration in Ninth Circuit,
11  prepare motion to strike filing, consultations with co-counsel (11/9/09-11/11/09): 17.5 hours.
12  • Review and analysis of EFF-procured documents on FISA Amendments Act
13  (11/20/09): 3.0 hours.
14  • Prepare reply memorandum on *Horn v. Huddle* request for vacatur (11/20/09-
15  11/23/09): 11.7 hours.
16  • Review and analyze documents pertaining to FBI "exigent letters," prepare
17  memorandum to co-counsel (1/19/10-2/17/10): 10.6 hours.
18  • Review and analyze *Jewel* dismissal order (1/21/10-1/22/10): 1.0 hour.
19  • Review and analyze vacatur decision in *Horn v. Huddle*, consultations with co-
20  counsel (3/31/10): 1.5 hours.
21  • Review and analyze 3/31/10 decision granting partial summary judgment,
22  consultations with co-counsel, clients, and NSA litigation counsel, review and analysis regarding
23  subsequent proceedings, strategy and action plan (3/31/10-4/5/10): 10.0 hours.
24  • Research and analysis on non-FISA issues, consultations with co-counsel and clients
25  regarding dismissal of non-FISA claims, prepare memorandum to co-counsel, conference with
26  defense counsel regarding non-FISA claims (4/7/10-4/9/10): 14.7 hours.
27  • Prepare proposed judgment and dismissal of non-FISA claims, research, analysis,
28  consultations with co-counsel (4/12/10-4/16/10): 18.2 hours.

1  •  Consultations with co-counsel and outside counsel regarding motion for attorney's fees and deferral until end of appellate process, prepare letter to court proposing deferral (4/19/10-5/7/10): 4.7 hours.

•  Prepare memorandum on punitive damages and cy pres distribution, research, analysis, consultations with co-counsel and clients (4/20/10-5/7/10): 62.0 hours.

•  Review and analyze defendants' district court filings of 4/30/10, research, consultations with co-counsel (5/1/10): 4.8 hours.

•  Review Kagan law review article on executive power (5/10/10): 1.2 hours.

•  Review and analyze defendants' memorandum opposing punitive damages (5/25/10): 1.0 hour.

•  Research on motion for attorney's fees, consultations with co-counsel and defense counsel, prepare time records (6/4/10-6/8/10): 12.7 hours.

•  Prepare motion for attorney's fees and supporting declarations, review, analysis, consultations with co-counsel (6/9/10-7/6/10): 43.9 hours.

13.  I request an award of my attorney's fees in the sum of $1,263,785.60, consisting of 2,497.6 hours times $506 per hour.

14.  My law firm, Eisenberg & Hancock LLP, incurred the following necessary and reasonable litigation costs in this matter: $3,702.28 for computerized legal research, and $880.80 for couriers and express mail in connection with filing and service of legal documents.  In my experience, it is the prevailing practice for attorneys in the San Francisco Bay Area to bill expenses for travel, computerized legal research, and couriers and express mail separately from hourly rates.  That is my practice.

15.  On June 23, 2010, I met and conferred by telephone with defendants' counsel Anthony Coppolino, pursuant to Civil Local Rule 54-5, for the purpose of attempting to resolve disputed issues relating to attorney's fees.  The attempt was unsuccessful.  On that date, Mr. Coppolino stated to me over the telephone: "I'm not sure we're in a position to agree to anything with regard to fees."  On July 2, 2010, Mr. Coppolino sent me a follow-up email message stating: "For reasons we discussed, where judgment has not been entered, and whatever relief may be granted

to plaintiff is not yet known, and where we have opposed judgment against the Government and have not yet had an opportunity to consider any appeal, we believe a fee petition is premature and do not agree to pay fees and costs." That same day I responded by email: "Will you at least agree that, if the Court decides to award attorney's fees, the Court may determine counsel's hourly rates according to the *Laffey* matrix as adjusted for locality?" On July 6, 2010, Mr. Coppolino replied by email: "At this point I'd like to read your brief on all the issues."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of July, 2010.     /s/ Jon B. Eisenberg